Mary Wolfe, et al. [1] v. Commissioner. Wolfe v. Commissioner
Docket Nos. 80527-80529.
United States Tax Court
T.C. Memo 1961-131; 1961 Tax Ct. Memo LEXIS 219; 20 T.C.M. (CCH) 655; T.C.M. (RIA) 61131; May 12, 1961
*219 Strict enforcement of the Court's Rules of Practice is discretionary with the Court and such discretion will not be exercised in favor of a party lacking in due diligence. James F. Reynolds, Esq., for the petitioners. Andrew S. Coxe, Esq., for the respondent. FORRESTER
Memorandum Opinion FORRESTER, Judge: Respondent determined deficiencies against the individual petitioner in Docket No. 80528 for the tax years 1946 to 1954, inclusive, 1956, and 1957, and against the corporate petitioner (Docket No. 80529) for the years 1946 to 1957, inclusive. He *220 also determined additions to tax for filing false and fraudulent returns with intent to evade the tax against these two petitioners. The petitions in these two dockets merely challenge the determinations that the respective returns were incorrect or fraudulent. Respondent's answers deny this and affirmatively plead facts sufficient (if proven) to permit his assessment of the proposed deficiencies and additions to tax. Petitioner in Docket No. 80527 is the wife of petitioner in Docket No. 80528, and she is also the president of the corporate petitioner (Docket No. 80529). The statutory notice to her determines that she is liable as transferee, to the extent of $58,000, of the assets of her husband. Her petition denies that she is a transferee and alleges that she paid adequate consideration. Respondent's answer denies this and affirmatively pleads facts sufficient (if proven) to constitute her a transferee of her husband's assets to the extent stated above. Petitioners filed no replies and respondent subsequently moved under our Rule 18(c)(1) to have the affirmative allegations of his answers deemed admitted. The dates of the filing of respondent's answers, service of said answers *221 upon petitioners, motions by respondent under said Rule 18(c)(1), and orders granting such motions are as follows: Docket No.
Docket No.
Docket No.
80527
80528
80529
1. Answer filed
Oct. 26, 1959
July 24, 1959
July 24, 1959
2. Answer served
Oct. 29, 1959
July 29, 1959
July 29, 1959
3. Motion under Rule 18
Jan. 29, 1960
Oct. 27, 1959
Nov. 27, 1959
4. Time interval between (2) and (3)
92 days
90 days
121 days
5. Order granting motion
Mar. 9, 1960
Dec. 16, 1959
Jan. 27, 1960
The cases were calendared for trial in New York City on February 6, 1961, at which time petitioners moved for continuances but made no objections to the above mentioned orders. The cases were continued under the jurisdiction of this Division of the Court to Washington on March 8, 1961. At the same time, respondent made oral motions for judgments on the pleadings. Ruling on such motions was reserved until the March 8 hearing. At the March 8 hearing respondent filed written motions for judgments, to which petitioners objected. These motions are now pending. Replies have never been filed in any of these dockets. These cases are before us on respondent's pending *222 motions for judgments on the pleadings. The success or failure of these motions depends solely on whether or not the orders referred to above will be here adhered to. The effect of each of those orders is that the petitioner in that case is deemed to have admitted the affirmative allegations of the answer. Such admissions are clearly fatal to the petitioners and would support respondent's pending motions. In challenging said orders, petitioners contend that they are not valid since respondent's motions were not timely under our Rules 15 and 18, pertinent parts of which follow: RULE 15. REPLY (a) Time to reply or move. - The petitioner, after service upon him of an answer in which material facts are alleged, shall have 45 days within which to file a reply or 30 days within which to move with respect to the answer. (See Rule 22(a) re service of reply.) [Emphasis supplied.] RULE 18. ADMISSIONS AND DENIALS OF PLEADED FACTS * * *
(c) Effect of failure to reply and motion thereon. - ( 1) Denial - Motion seeking admission. - The affirmative allegations of the answer will be deemed denied in the absence of a reply, unless the Commissioner, within 45 days after the expiration *223 of the time for filing a reply, files a motion reciting that a reply required under these Rules was not filed and requesting the Court to enter an order that specified allegations of fact in the answer shall be deemed to be admitted. (2) Service of and hearing on motion. - The Clerk will serve a copy of the Commissioner's motion upon the petitioner and issue notice of a hearing thereon at which hearing the Court may grant the motion unless the required reply is filed on or before the day fixed for such hearing. Reading these rules together, it is apparent that they contemplate (in the absence of a reply by petitioner) the filing of the Rule 18(c) motion by respondent, not later than 90 days after service of his answer upon petitioner. It is thus clear that the 90-day period has been met in Docket No. 80528 (see our Rule 61 for counting of days in this matter) and that respondent's motion under Rule 18 was timely. Petitioner's argument as to this docket that the 90-day period should run from the date the answer was filed rather than the date it was served is entirely unsupported and clearly contra to the express provisions of our rules quoted above. In the other dockets, the *224 motions were made 92 and 121 days, respectively, after service of respondent's answers. Petitioners seem to argue that we therefore lacked the power to enter the indicated orders of March 9, 1960, and January 27, 1960, in those two dockets. We construe this to be an attack upon our jurisdiction to enter such orders, for we would not have any sympathy for so belated an attack on the orders upon grounds other than lack of jurisdiction. Thus viewing the position of petitioners, we turn to the statute governing our jurisdiction. It makes no provision respecting the time within which any motion or pleading after the petition must be filed, rather, section 7453 [2] simply provides: SEC. 7453. RULES OF PRACTICE, PROCEDURE, AND EVIDENCE. The proceedings of the Tax Court and its divisions shall be conducted in accordance with such rules of practice and procedure * * * as the Tax Court may prescribe. * * * Rules 15 and 18 here at issue were promulgated under such section. It is clear that we have the power to vary or suspend our own rules if the interests of justice so require. The decision to so act is entrusted to *225 our sound discretion. See Board of Tax Appeals v. United States, 37 F.2d 442, 443: Rules of the Board, like rules of court, are made to define and regulate its procedure, and when strictly enforced have the force of statute; but it is always within the power of the promulgating authority to modify its own rules if the ends of justice seem to require it in a given case. Extension of time for pleading, in derogation of rule, is discretionary, and in the absence of gross abuse, will not be reviewed even on error. * * * Petitioners may well have this situation (with its total 90-day period for respondent to act) confused with the statutory requirement that a taxpayer's petition to this Court must be filed within 90 days after respondent's mailing of the deficiency notice. Section 6213(a). It has often been held that this requirement is jurisdictional and that we lack the power to entertain (on the merits) a petition filed after the 90th day. Galvin v. Commissioner, 239 F. 2d 166 (C.A. 2, 1956); Lingham v. Commissioner, 242 F. 2d 750 (C.A. 3, 1957). However, that section prescribes a statutory limitation upon jurisdiction and it is the statute, *226 rather than our own rules, which defines our jurisdiction. The time intervals here at issue emanate from our rules rather than the statute. Treating this matter as one addressed solely to our discretion, and considering that petitioners have been so lacking in diligence that they have waited for approximately 1 year since respondent's motions under Rule 18 were filed, and have permitted these cases to reach the call for trial, we are not inclined to now exercise our discretion for their benefit. [3] Cf. Charles E. Mitchell, 32 B.T.A. 1093, 1136 and 1137, affd. on other grounds 303 U.S. 391. In any event, there have already been orders entered *227 in respondent's favor and at this late date we ought not to overturn them absent very pressing considerations in petitioners' favor. The orders of March 9, 1960, December 16, 1959, and January 27, 1960, are valid and proper and form the basis for granting respondent's motions for judgments on the pleadings in all dockets. Charles H. McGlue, 45 B.T.A. 761 (1941). Orders granting respondent's motions for judgments will be entered. Footnotes
1. Proceedings of the following petitioners, James J. Wolfe, Docket No. 80528, and Mayjay Realty Company, Inc., Docket No. 80529, are consolidated herewith on the Court's own motion since they arise out of the same alleged series of transactions and involve almost identical considerations for the purposes of this Opinion.↩
2. All Code references are to the Internal Revenue Code of 1954.↩
3. We do not desire to be overtechnical about this matter for as our Rule 18(c)(2) provides we will always wait until the hearing on respondent's motion to give petitioners an opportunity to file replies. However, Rule 18 is more than a "technicality" as petitioners suggest, for pleadings do serve an important function and we do think that at some point in the proceedings respondent is entitled to know what he must prove at trial. Nor is there any indication that even now petitioners are prepared to file replies.↩