RAYMOND J. RYAN AND HELEN RYAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4800–69. Filed April 24, 1972.

*Gene W. Reardon* and *Raymond G. Larroca*, for the petitioners.
*Sommers T. Brown*, for the respondent.

OPINION

DRENNEN, *Judge:* Respondent filed an Application For An Order to Take Depositions Upon Written Interrogatories of such officers and

---

employees of the Commercial Credit Bank, Ltd. (Handelskredit Bank, A.G.), Zurich, Switzerland, as may be necessary to establish through the testimony of such officers and employees the bank records and accounts, and transactions therein, maintained or controlled by petitioner Raymond J. Ryan, in said bank or on behalf of said bank during the years 1958 to 1968, inclusive; and to follow a procedure agreed upon between the Swiss taxing authorities and the U.S. taxing authorities for the taking of such depositions. The questions to be propounded were annexed to the application as required by Rule 46, Tax Court Rules of Practice. Petitioners filed an objection to respondent's application and the matter has been argued orally by counsel for the parties on several occasions and the parties have filed several written memoranda supporting their respective positions, as will appear from the record. Upon consideration of all such arguments the Court has granted respondent's motion to the extent reflected in the order that will be entered contemporaneously herewith and for the following reasons.

Respondent determined deficiencies in petitioners' income taxes for the years 1958–65, inclusive. Petitioners were residents of Evansville, Ind., at the time they filed their petition herein.

, Respondent alleges that some of the principal issues involved in this case relate to the amount of income subject to U.S. tax, and deductions therefrom, which petitioners received or incurred, directly or indirectly, during the years here involved as evidenced by and from transactions with the Commercial Credit Bank, Ltd., Zurich, Switzerland. The original records pertaining to those transactions are the bank records which are located in Switzerland and because of the bank secrecy laws of Switzerland respondent has heretofore been unable to gain access thereto.

On October 16, 1969, the Internal Revenue Service of the United States (IRS) requested from the Federal Tax Administration of Switzerland (EStV) on the basis of article XVI of the Double Taxation Convention of May 24, 1951, between Switzerland and the United States, information from the books and records of a Swiss bank on allegedly questionable dealings between this bank and American citizen X, asserting there was reason to suspect that X had defrauded the U.S. tax authorities. The EStV investigated the situation at the bank concerned and found that the suspicion of the IRS was to a large extent confirmed. On March 23, 1970, the EStV summarized the result of its investigation in an order and informed the bank, the president of the Administrative Council of Switzerland, and X that it was going to send to the IRS the statements contained in a particular section of the order. On June 10, 1970, EStV rejected the objections of the bank and X to this order, and X appealed that decision of the EStV to the

Swiss Federal Supreme Court requesting that EStV be prohibited from furnishing the information in question to the IRS. In an exhaustive opinion [1] released December 23, 1970 (from which the above information was gleaned), the Swiss Federal Supreme Court rejected X's appeal and authorized the EStV to furnish to the IRS the information proposed in its order.

As a result of the above decision of the Swiss Supreme Court the respondent herein has sought, and we are advised has obtained, similar information with respect to bank accounts controlled by petitioners in the Commercial Credit Bank of Zurich. Respondent is now seeking to obtain the Swiss bank records upon which such information was based, properly identified and authenticated by the custodian of those records, and in such form that they can be offered in evidence in the trial of this case in the Tax Court.

More specifically what respondent seeks in his application is authorization from this Court for respondent to request the United States Competent Authority, as referred to in the Double Taxation Convention of 1951, to request the Swiss Competent Authority to take the depositions on written interrogatories of the officers of the Swiss bank qualified to identify and authenticate the records of the bank pertaining to the bank accounts maintained or controlled by petitioners in that bank during the years 1958–68. Respondent is not asking this Court to order or direct anyone beyond its jurisdiction to do anything. He simply seeks authorization to proceed under arrangements made between the taxing authorities of the two countries to obtain evidence from Switzerland to prove, or possibly disprove, that transactions conducted by petitioners with and through the Swiss bank produced income taxable to petitioners under the U.S. income tax laws which was not reported on petitioners' tax returns for the years here involved. If this can be accomplished without violating any constitutional or substantive legal rights of petitioners this Court is inclined to lend its assistance as it will do in any case in an effort to bring before the Court evidence that may be competent, relevant, and material to issues pending before the Court. It is abundantly clear from the order entered herein, and it should be clearly understood, that the Court is not at this time ruling on the admissibility of any evidence that may be obtained by respondent; that will be left to the trial judge to decide when, and if, any such evidence is offered at a trial of this case.

The procedure suggested by respondent is somewhat cumbersome and unorthodox. This is due primarily to the fact that the evidence sought is in a foreign country and the laws of that country have long

---

[1] *X* v. *The Federal Tax Administration.* Excerpts from this opinion are reproduced in 28 A.F.T.R. 2d 71–5510, 71–1 U.S.T.C. par. 9435.

imposed a veil of secrecy over transactions between Swiss banks and their customers. It should be remembered that a court's rules of practice and procedure are composed with the primary purpose of getting all relevant, material, and competent evidence before the court in a manner that is fair and equitable to all parties subject to the dispute. *American Farm Lines* v. *Black Ball*, 397 U.S. 532, 539. Therefore, when an extraordinary situation presents itself so this purpose is not fulfilled by an unduly rigid application of its rules, it seems logical that a court may apply its rules in such manner as to meet the ends of justice. *Gondeck* v. *Pan American Airways*, 382 U.S. 25; *United States* v. *Breitling*, 61 U.S. 252; *Board of Tax Appeals* v. *United States*, 37 F.2d 442, 443. Here, where the Supreme Court of Switzerland has to some extent lifted the veil of secrecy concerning Swiss banking transactions in an effort to carry out the provisions of the tax convention between the United States and Switzerland, we are not inclined to give the rules a strict interpretation which would defeat the meaningful implementation of those provisions.

Petitioners have asserted numerous grounds for objecting to the taking of the depositions, and the form and manner of taking them proposed by respondent, claiming violation of petitioners' constitutional and legal rights, of the laws of this country and of Switzerland, and of the rules of this Court. Upon consideration of all of these arguments, the Court is of the opinion that the bases for petitioners' objections are more technical than legal and are more imaginary than real, and that the interests of justice demand that the Court exercise its discretion in construing its rules in such manner as to permit the granting of respondent's application. Petitioners have objected to the manner of taking the depositions suggested by respondent but have offered no alternatives. To deny the respondent the opportunity to proceed in *any* manner would deny him the opportunity to prove in this Court whatever transactions possibly affecting petitioners' tax liability were revealed by the report the Supreme Court of Switzerland held could be furnished to the United States Competent Authority by the Swiss taxing authorities.

Petitioners' allegation that this Court has no power to order a deposition to compel testimony of foreign nationals in a foreign jurisdiction is inapposite. The order this Court is entering does not "order a deposition" nor does it compel anyone to do anything. It simply authorizes the respondent to request the United States Competent Authority to attempt to make arrangements to have certain depositions taken. If such arrangements cannot be made on a voluntary basis, this Court recognizes that it cannot compel the taking of the depositions under the proposed procedure. In addition, this Court proposes to

enter a second order, in the event the arrangements are made voluntarily, which simply directs the form and manner in which the depositions are to be taken if they are to be offered in evidence in this Court. Again it will not compel that they be taken in any particular form or manner.

Petitioners argue that the only manner in which such depositions or testimony can be taken are by "letters rogatory" and that this Court has no authority to issue "letters rogatory." We need not pass on whether this Court has authority to issue "letters rogatory" because we do not agree with the petitioners that use of "letters rogatory" is the only method by which this evidence can be obtained. If this Court were attempting to compel foreign officials and foreign nationals to do something perhaps "letters rogatory" would be required to ask the Swiss courts to enforce our order but, as pointed out above, such is not the case.

Petitioners also argue that the manner proposed for taking the depositions would be a violation of Swiss law. If such is the case petitioner should have ample access to the Swiss courts to prevent such a violation. Furthermore, petitioner is not in a good position to complain that he should not be forced to go into the Swiss courts to protect his rights; it was petitioner's own choice to conduct business which may have consequences relative to his U.S. tax liability in Switzerland and with Swiss banks. We might add that we feel certain that if petitioner attempted to comply fully with the rules of this Court, which require stipulation of all "evidence to the fullest extent to which complete or qualified agreement can be reached including all material facts that are not or fairly should not be in dispute" (Rule 31($b$)(1)), he could make arrangements with the Swiss banking authorities to provide copies of the relevant bank records so they could be stipulated by the parties and thus avoid the proposed procedure the sole purpose of which is to identify and authenticate evidence which may be competent and relevant to the issues involved in this case.

Section 7453 of the Internal Revenue Code of 1954, provides:

Except in the case of proceedings conducted under section 7463, the proceedings of the Tax Court and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Tax Court may prescribe and in accordance with the rules of evidence applicable in trials without a jury in the United States District Court of the District of Columbia.

This means that the Court can and shall determine its own rules of practice and procedure, with the exception of the rules of evidence. It should follow, then, that the Court has the power to adopt the special procedure in question, in light of the unique and extenuating circum-

stances, assuming the procedure is constitutional. See *Board of Tax Appeals* v. *United States, supra* at 443, wherein it is said:

Rules of the Board, like rules of court, are made to define and regulate its procedure, and when strictly enforced have the force of statute; but it is always within the power of the promulgating authority to modify its own rules if the ends of justice seem to require it in a given case. * * *

Rule 46 (*d*) of the Tax Court Rules of Practice, provides that depositions obtained in foreign countries must be taken on written interrogatories except as otherwise directed by the Court for cause shown. The remainder of Rule 46 provides the manner of applying for, taking, and returning written interrogatories, which is essentially the same as provided in Rule 45 for the taking of depositions. Paraphrasing the pertinent provisions of Rule 45, it provides that the officer before whom depositions are taken must be authorized to administer oaths, and shall have no "office connection or business employment" with either party except by consent of the parties. Upon receipt of an application to take a deposition, a copy thereof will be served on the opposite party who is given time to object thereto, after which the Court will, in its discretion, make an order wherein it will name the witness whose deposition is to be taken and specify the time when, the place where, and the officer before whom the witness is to testify. The applicant shall thereupon make all the necessary arrangements for taking the deposition.

Rule 45 goes on to provide that the witness must first take the oath or affirm; and the questions propounded to him and his answers must be recorded verbatim. Rule 45 differs somewhat from Rule 46 (relating to depositions upon written interrogatories) in providing that upon request of either party other witnesses may be excluded, while Rule 46 provides that no person other than the witness, reporter, and officer taking the deposition shall be present at the examination. Rule 45 then provides that the testimony of the witness when transcribed shall be read to or by him and signed by him; and goes on to prescribe the form in which the deposition shall be returned to this Court. The officer taking the deposition is directed to enclose the original and two copies of the deposition, in a sealed packet, and forward same to the United States Tax Court, Box 70, Washington, D.C. 20044.

When taken all together it is obvious that the law and the rules of this Court contemplate the taking of depositions outside this country by written interrogatories. However, petitioners claim that because it may not be possible to comply technically with all the provisions of the rules, they are being deprived of their right to rely on the rules. The order that this Court will enter directing the manner and form of taking the depositions on written interrogatories may not state specifi-

cally the name of the officer who will make the examination, the name or names of the witnesses, or the exact time and place for taking the depositions because that information may not be available at the time the order is entered. However, if such specific information is not available, the order will specify the office of the official who will take the deposition (an official of the Swiss Federal Tax Administration) and of the witnesses who will testify (officers of the bank having custodial control of the records). We are also advised that the official who will take the depositions will notify petitioner of the names of the witnesses and the time and place for taking the depositions in ample time for petitioner to be present at the examination if he so desires. We think this is adequate protection for petitioners. We note that Rule 28(b) of the Federal Rules of Civil Procedure, authorizing the taking of depositions in foreign countries, provides that the notice of taking "may designate the person before whom the deposition is to be taken either by name or descriptive title." Petitioner cannot complain that the fact that under Swiss law he may be present when the depositions are taken violates Rule 46 of this Court because all he need do is absent himself from the examination if he so desires.

We are advised by respondent that the Swiss Competent Authority will send the depositions only to the United States Competent Authority because of the provisions of the treaty. If the original and two copies of the deposition are placed by the examining official in a sealed envelope addressed to the Tax Court and the sealed envelope is then placed in an envelope delivered to the United States Competent Authority who will then deliver the sealed envelope to this Court, this will be substantial and sufficient compliance with our rules.

Finally, petitioners argue that the taking of these depositions is discovery and that the Tax Court rules do not provide for discovery. Observing first that while the rules do not specifically provide for discovery neither do they specifically prohibit discovery, we do not believe the purpose of this procedure is discovery. As we understand the situation, the EStV has already advised the IRS what the Swiss bank records contain relevant to petitioners' U.S. tax liability. All respondent now seeks are the bank records, properly identified and authenticated, which would be required to prove petitioner's transactions with the bank in this Court. In other words respondent is attempting to make available for the Court evidence of the information he already has. If the bank was a bank within the jurisdiction of this Court, respondent could subpoena the bank records. It is only because the Swiss bank is outside the subpoena power of this Court that resort to depositions upon written interrogatories must be made. In any event, Rule 31 of the rules of this Court would require the

parties to stipulate the identity and authenticity of the bank records without bringing the custodian of those records into Court. We might add that it is difficult to understand how petitioners' complaint that the Swiss tax official who will take the depositions might be prejudiced against petitioner is valid, particularly where the questions to be asked are propounded in written interrogatories, seen by petitioner in advance, and seek only identification and authentication of the bank records.

Petitioner has stated in oral arguments that only the bank records for the years involved in this case, 1958–65, should be produced and that records of transactions which took place for years subsequent to 1965 might be used against him in an investigation for criminal tax evasion in those subsequent years. Respondent has answered that the reason he wants the bank records for the years 1966–68 is because they are necessary to trace transactions that started prior to 1966 through to their ultimate conclusion in order to show the effect on petitioners' tax liability for the years here involved. As noted from a careful reading of article XVI of the Double Taxation Convention the basic purpose of the provisions contained therein is to aid the taxing officials of both countries in preventing tax frauds by their respective citizens. Presumably respondent already has information taken from the bank records of 1966–68; it is only the supporting evidence he is seeking now. But even if the bank records for the subsequent years are admitted in evidence in this case, if an effort is made to use that evidence in a trial prosecuted against petitioner for criminal tax evasion in years subsequent to 1965, the judge presiding over that trial will have ample opportunity to rule on the admissibility of that evidence in the criminal trial.

As stated at the outset, we have granted respondent's application to take depositions by written interrogatories and have approved the procedure outlined in our orders because we have concluded that our rules will permit it and we cannot find that it will violate any substantial rights of petitioners and may aid in determining the correct tax liabilities of U.S. citizens who use numbered Swiss bank accounts. However, we wish to emphasize that it will be left to the trial judge to rule on the admissibility of these depositions as evidence in the trial of this case when and if they are offered. At that time petitioner will have an opportunity to show, after the procedure has been carried out and the depositions have been taken, that his objections were more legal than technical and his fears more real than imaginary, if such be the case.

Reviewed by the Court.

*Appropriate orders will be entered.*