CLARK J. BAKER AND MARTHA B. BAKER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53694. Filed October 29, 1954.

*Robert Boasberg, Esq.*, for the petitioners.
*Rollin H. Transue, Esq.*, for the respondent.

#### OPINION.

KERN, *Chief Judge:* Respondent determined deficiencies in petitioners' income tax liability for the years 1951 and 1952 in the amounts of $663 and $988, respectively, by reason of his disallowance of deductions claimed as alimony payments in the amount of $1,700 for the year 1951, and $2,600 for the year 1952. The returns were filed with the director of internal revenue for the western district of New York. In the petition petitioners alleged that respondent erred in determining that these amounts were not deductible under sections 22 (k) and 23 (u) of the Internal Revenue Code of 1939.

These allegations of error are followed in the petition herein by the following paragraphs which purport to set out the facts relied upon by petitioners as required by Rule 7 (*c*) (4) (*E*) of the Rules of Practice Before the Tax Court of the United States:

It is the contention of the petitioners herein that the foregoing sums paid as alimony payments to petitioner CLARK J. BAKER's divorced wife is [*sic*] deductible, in that they are regular periodic payments for the support and maintenance of the said divorced wife and are not installment payments of

a fixed sum. The decree of divorce dated April 25, 1951 contains the following provision:

"ORDERED, ADJUDGED AND DECREED, that the defendant shall pay to the plaintiff, the sum of $50.00 per week for five (5) years from January 4, 1951, for her support and maintenance."

It was never the intention of the parties that a fixed sum be paid to the wife or that these be installment payments of a fixed sum. They were always intended to be periodic payments for a period of time for the support and maintenance of the wife so that she could properly maintain herself until she became settled and employed.

A separation agreement dated January 4, 1951, made lump sum provisions for the support of the wife, and it was agreed in said agreement that the said wife pay the income tax on such payments which she has done since the date of the agreement.

On August 18, 1954, respondent moved to dismiss the petition for failure to state a cause of action on the ground that "admitting all the facts alleged in the petition for the purpose of this motion, such facts demonstrate no error on the part of the respondent in determining the deficiency involved in this proceeding." Respondent also filed a memorandum in support of this motion. A hearing was held upon said motion on September 15, 1954, at which respondent appeared by counsel. On September 10, 1954, counsel for petitioners filed a memorandum in opposition to said motion, but has in no way amended or sought to amend the petition filed herein on June 30, 1954.

Construing the few facts alleged in the petition in a way most favorable to petitioners, we consider them to be as follows: Petitioner Clark J. Baker paid to his divorced wife, Edith M. Baker, the sum of $1,700 in 1951, and the sum of $2,600 in 1952, pursuant to a decree of divorce dated April 25, 1951, ordering the payment to her of "the sum of $50 per week for five (5) years from January 4, 1951, for her support and maintenance"; neither Clark nor Edith intended that a fixed sum was thereby to be paid Edith, or that the payments would constitute installment payments of a fixed sum, but rather intended that they were to be payments for a period of time for the support and maintenance of the wife so that she could properly maintain herself for 5 years subsequent to the divorce; that there was a separation agreement entered into between Clark and Edith on January 4, 1941, which provided for and contemplated the payments to Edith later embodied in the divorce decree; and that this agreement provided that Edith pay any income tax due upon such payments which she has accordingly paid since the date of the agreement.

Petitioners contend that the payments here in question cannot be considered as installment payments of a principal sum within the meaning of section 22 (k) of the Internal Revenue Code of 1939, because no principal sum was set out in the decree of divorce and the parties to the divorce did not intend the payments to be installment

payments of a principal sum, their intention being indicated by the wife's agreement to pay income taxes thereon.

Contrary to this contention, we conclude that, regardless of any intention of the parties, the payments in question were installment payments of a principal sum, which, in terms of money, is specified in the decree, and which is to be paid within a period ending less than 10 years from the date of the decree. *Estate of Frank P. Orsatti,* 12 T. C. 188; *Frank R. Casey,* 12 T. C. 224; *Muriel Dodge Neeman,* 13 T. C. 397, affd. 200 F. 2d 560, certiorari denied 345 U. S. 956; *Harold Fleming,* 14 T. C. 1308.

Petitioners also contend that under the laws of the State of New York, in which the parties to the divorce resided, all payments of alimony payable pursuant to a decree of divorce automatically cease if the wife remarries, and therefore, the principal sum payable under the decree may not be determined to be $13,000 ($50×52 weeks×5 years), since there is an implicit condition to the obligation to pay the entire sum specified in the decree. On this contention we decide against petitioners on the authority of *James M. Fidler,* 20 T. C. 1081, and cases therein cited.

Accordingly, respondent's motion to dismiss should be granted. See *United Motor Coach Co.,* 22 T. C. 578.

> *A decision will be entered dismissing this proceeding and finding the deficiencies to be the amounts determined by respondent.*