INEZ V. BALLANTINE, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12102–77.    Filed June 4, 1980.

*Lee N. Koehler* and *Leslie A. Winter,* for the petitioners.
*R. Dale Eggleston,* for the respondent.

<hr />

[1]The joindered petition filed herein also includes the following parties: Robert A. Ballantine and Inez V. Ballantine; Robert A. Ballantine, Inc.; and B & I Leasing Corp.

OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Francis J. Cantrel, pursuant to the provisions of section 7456(c)[2] and Rules 180 and 181,[3] for the purpose of conducting the hearing and ruling on respondent's motion to strike and petitioners' cross motion to dismiss.[4] After a review of the record, we agree with and adopt his opinion which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge:* In his statutory notices, respondent determined Federal income tax deficiencies and additions to tax under section 6651(a) as follows:

| Petitioners | Taxable year ended | Deficiency | Sec. 6651(a) addition to tax |
|---|---|---|---|
| Inez v. Ballantine | Dec. 31, 1973 | $817,730 | $204,433 |
| Robert A. Ballantine and Inez v. Ballantine | Dec. 31, 1974 | 303,965 | 0 |
| Robert A. Ballantine, Inc | June 30, 1974 | 5,914 | 0 |
| | June 30, 1975 | 9,040 | 0 |
| B & I Leasing Corp | Aug. 1, 1974 | 160 | 40 |

On January 30, 1978, respondent filed a "Motion to Strike," wherein he seeks to have stricken from the petition the assignment of error contained in paragraph 4(e) because it fails to state a claim upon which relief can be granted, pursuant to Rules 40 and 52; respondent also moved, in this same pleading, to strike the allegations of fact contained in paragraphs 5(k–4) through 5(u–4) because they are irrelevant and immaterial. On March 7, 1978, petitioners, pursuant to Rule 53, filed a "Motion to Dismiss" the case or, in the alternative, to dismiss respondent's motion to strike, because respondent failed to timely move with respect to the petition or to file an answer under Rule 36.

On March 15, 1978, a hearing was held on both parties' motions in Baltimore, Md., at which time petitioner filed a

---

[2]All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[3]All rule references herein are to the Tax Court Rules of Practice and Procedure.

[4]Since these are pretrial motions involving no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.

"Memorandum in Opposition to Respondent's Motion to Strike."
On May 1, 1978, respondent filed, with the leave of the Court, a
"Reply to Petitioners' Memorandum in Opposition to Respondent's Motion to Strike." In this memorandum, respondent
advises that he has no objection to the allegations of paragraphs
5(k–4) through 5(u–4) remaining as part of the petition since
those allegations could conceivably have some relevancy with
respect to the issue of whether respondent's deficiency determinations are incorrect, arbitrary, and excessive, i.e., they may be
relevant in regard to the assignment of errors contained in
paragraphs 4(a) through 4(c) of the petition.[5] On May 4, 1978,
petitioners filed, with the leave of Court, a "Supplemental
Memorandum in Opposition to Respondent's Motion to Strike."
On June 1, 1978, respondent filed, with the leave of the Court, a
"Reply to Petitioners' Supplemental Memorandum in Opposition
to Respondent's Motion to Strike."

If petitioners' motion to dismiss the case or, in the alternative,
dismiss respondent's motion to strike is granted, respondent's
motion would become moot. Accordingly, we will first consider
the facts and issues pertaining to petitioners' motion to dismiss.
The following facts, which are derived from the pleadings and
evidence submitted at the hearing, are undisputed.

Petitioners Robert A. Ballantine and Inez V. Ballantine are
husband and wife with legal residence at 2814 Fox Hound Road,
Ellicott City, Md. Their returns for the periods involved herein
were filed with the Internal Revenue Service Center at Philadelphia, Pa. Petitioner Robert A. Ballantine, Inc., is a Maryland
corporation with its principal office at Box 393, Route No. 2,
Dorsey Road, Hanover, Md. Petitioner B & I Leasing Corp. is a
Maryland corporation with its principal office at 2814 Fox
Hound Road, Ellicott City, Md. The returns for both corporations for the periods involved herein were filed with the Internal
Revenue Service Center at Philadelphia, Pa.

The petition herein was sent by mail postmarked December 8,
1977, received and filed by the Tax Court on December 9, 1977,
and a copy thereof was served on respondent by the Clerk of the
Court on December 12, 1977. On Thursday, January 26, 1978 (45
days after the petition was served on respondent), counsel for

---

[5]However, respondent reserved his right to later contest the relevancy or materiality of the
allegations contained in pars. 5(k–4) through 5(u–4).

respondent sent by certified mail to the Clerk of the Court the motion to strike accompanied by a certificate of service certifying that a copy of the motion to strike was mailed to counsel for petitioners, Lee N. Koehler, at 305 West Chesapeake Avenue, Suite 420, Towson, Md. 21204. A copy of the motion to strike along with a copy of the hereinbefore-mentioned certificate of service was mailed by respondent on January 26, 1978, to Lee N. Koehler in an envelope addressed to the aforementioned West Chesapeake Avenue address. The motion to strike which was mailed to the Tax Court was received and filed by the Court on Monday, January 30, 1978. The copies of the motion to strike and certificate of service mailed to petitioners' counsel on January 26, 1978, were returned by the post office to respondent on or about January 31, 1978, marked "Return to Sender, No Such Address." On February 6, 1978, respondent mailed a copy of the motion to strike, a copy of an amended certificate of service, and an explanatory cover letter to petitioners' counsel in an envelope correctly readdressed to 905 Mercantile-Towson Building, 409 Washington Avenue, Towson, Md. 21204. Respondent also mailed on February 6, 1978, an amended certificate of service, a copy of the explanatory letter to petitioners' counsel, and an explanatory letter to the Clerk of the Tax Court.

Petitioners' counsel's correct address at the Mercantile-Towson Building is listed on the petition and on petitioners' "Request for Place of Trial." The West Chesapeake Avenue address, to which respondent originally mailed a copy of his motion to strike, was the previous address of petitioners' counsel and was listed on the notices of deficiency and the power of attorney attached to petitioners' tax returns.

Petitioners moved, pursuant to Rule 53, to dismiss this case or, in the alternative, dismiss respondent's motion to strike on the grounds that respondent failed to timely move or answer with respect to the petition as required by Rules 36 and 54.[6] Rule 36(a) provides that, "The Commissioner shall have 60 days from the date of service of the petition within which to file an answer, or 45 days from that date within which to move with respect to the petition." Under Rule 22, "Any pleadings or other papers to be filed with the Court must be filed with the Clerk in

---

[6]Rule 54 provides, in part, that, "Motions must be made timely, unless the Court shall permit otherwise."

Washington, D.C." Rules 21(a) and 50(f) require that all motions be served on each of the parties to the case other than the party who filed it. The manner in which all papers filed with the Court are to be served on the other parties is provided in Rule 21(b) as follows:

### RULE 21. SERVICE OF PAPERS

(b) Manner of Service: (1) *General:* All petitions shall be served by the Clerk. All other papers required to be served on a party shall also be served by the Clerk unless otherwise provided in these Rules or directed by the Court, or unless the original paper is filed with a certificate by a party or his counsel that service of that paper has been made on the party to be served or his counsel. For the form of such certificate of service, see Form 13, Appendix I. Such service may be made by mail directed to the party or his counsel at his last known address. Service by mail is complete upon mailing, and the date of such mailing shall be the date of such service. * * *

In the circumstances here present, respondent was required to move with respect to the petition within 45 days from the service of the petition upon him. Rules 22, 36(a), and 54. Timely mailing of the motion constitutes a timely move with respect to the petition. Sec. 7502; see also Rule 21(b). It is undisputed that respondent sent the motion to strike by certified mail to the Clerk of the Court in Washington, D.C., on January 26, 1978, 45 days after being served with a copy of the petition. Since the motion to strike was timely mailed to the Clerk of the Court within 45 days, respondent timely moved with respect to the petition. The delay in *serving* a copy of the motion filed with the Court upon petitioners' counsel, as a result of the original mailing to the attorney's former address, did not prevent timely filing of the motion by mail with the Clerk of the Tax Court as required by the Rules and did not prejudice petitioners.

Furthermore, it is in the complete discretion of this Court in the interest of justice to allow pleadings to be made out of time. Rule 25(c);[7] *Dixon v. Commissioner,* 60 T.C. 802, 804 (1973); *Estate of Quirk v. Commissioner,* 60 T.C. 520 (1973); *Board of Tax Appeals v. United States ex rel. Shults Bread Co.,* 37 F.2d 442 (D.C. Cir. 1929), cert. denied 281 U.S. 731 (1930). We were not called upon in this case to invoke such discretion, since respondent's motion was, in fact, timely filed. Moreover, no

---

[7]Rule 25(c) Enlargement or Reduction of Time: Unless precluded by statute, the Court in its discretion may make longer or shorter any period provided by these Rules. * * *

prejudice resulted from respondent's inadvertent delay in serving a copy of his motion upon petitioners' counsel. Respondent timely mailed the motion to strike to the Clerk of the Court and, in good faith, mailed a copy to petitioners' counsel at his former address, which was listed on the notices of deficiency. Upon discovering his error, respondent quickly sent a copy of his motion to the correct address of petitioners' counsel, filed an amended certificate of service with the Court, and mailed explanatory letters to the Court and petitioners' counsel. Under such circumstances, petitioners' motion to dismiss will be denied.

Next, we address the facts and issues pertaining to respondent's motion to strike. Since respondent has no objection to the allegations of fact in paragraphs 5(k–4) through 5(u–4) of the petition, the remaining issue is whether paragraph 4(e) should be stricken from the petition for failure to state a claim upon which relief can be granted. Rules 40 and 52.

In accordance with Rule 34(b), paragraph 4 of the petition sets forth the assignments of error which petitioners allege to have been committed by respondent in his deficiency determinations.[8] Paragraphs 4(a) through 4(c) contain numerous subparagraphs which include several allegations that the Commissioner's deficiency determinations are incorrect, arbitrary, and excessive. Paragraph 4(e) of the petition alleges the following as an independent assignment of error:

4(e) The Commissioner erred in failing to issue a letter to Petitioners in accordance with the Internal Revenue Code sec. 7604(b) [sic],[9] as requested by Petitioners on several occastions [sic].

In accordance with Rule 34(b), paragraph 5 of the petition sets forth the alleged facts on which petitioners base the assignments

---

[8]Rule 34(b) Content of Petition in Deficiency or Liability Actions: The petition in a deficiency or liability action shall contain * * * :

* * * * * * *

(4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignment of errors shall be deemed to be conceded. Each assignment of error shall be separately lettered.

(5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner.

[9]Petitioners intended sec. 7605(b); this is a typographical error which they corrected in their subsequent memorandums.

of error supporting their case. Subparagraphs 5(k–4) through 5(u–4), which respondent objected to in his original motion, are statements of fact concerning the extent and duration of an audit of petitioners' records by a revenue agent, petitioners' refusal to execute "Slush Fund Affidavits," the revenue agent's request for further access to petitioners' books and records, petitioners' refusal to grant further access to their books without the issuance of a second examination letter under section 7605(b), respondent's refusal to issue a second examination letter, and respondent's issuance of notices of deficiency without further inspection of petitioners' books.

Respondent has moved, pursuant to Rules 40 and 52, to strike the assignment of error in paragraph 4(e) because it fails to state a claim upon which relief can be granted.[10] See 2 L. Casey, Federal Tax Practice, sec. 7.19 (1979 Cum. Supp. at 85). For the purposes of this motion, we must construe the alleged facts in the way most favorable to petitioners and assume the allegations in their petition are true. The theory of this motion is that even if the allegations in the petition are true, the assignment of error contained in the petition fails to state a cause of action and, as a matter of law, no justifiable controversy is presented for decision. See *Baker v. Commissioner*, 23 T.C. 161, 162 (1954); *Wilson Athletic Goods Mfg. Co. v. Commissioner*, 2 T.C. 70, 72

---

[10]RULE 40. DEFENSES AND OBJECTIONS MADE BY PLEADING OR MOTION

Every defense, in law or fact, to a claim for relief in any pleading shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion: (a) lack of jurisdiction; and (b) failure to state a claim upon which relief can be granted. If a pleading sets forth a claim for relief to which the adverse party is not required to file a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting failure to state a claim on which relief can be granted, matters outside the pleadings are to be presented, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 121, and the parties shall be given an opportunity to present all material made pertinent to a motion under Rule 121.

RULE 52. MOTION TO STRIKE

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these Rules, upon motion made by a party within 30 days after the service of the pleading, or upon the Court's own initiative at any time, the Court may order striken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter. In like manner and procedure, the Court may order striken any such objectionable matter from briefs, documents, or any other papers or responses filed with the Court.

(1943).[11] Assuming petitioners' allegations are true, we must decide whether the erroneous failure of respondent to issue a second examination letter under section 7605(b), as alleged in paragraph 4(e), entitles petitioners to any relief.

The following facts are alleged by petitioners in their petition. A revenue agent conducted an audit of the books and records of petitioners during the period from August 8, 1975, through February 10, 1977. During October of 1976, the agent delivered "Slush Fund Affidavits" to petitioners with a request that the affidavits be executed. On the advice of legal counsel, petitioners, relying on their Fifth Amendment constitutional rights, declined to execute the affidavits. Following petitioners' refusal to execute the affidavits, the revenue agent requested further access to petitioners' books and records on February 10, 1977. On the advice of legal counsel, petitioners refused to grant respondent further access to their books and records without the issuance of a second examination letter in accordance with section 7605(b). Respondent issued a summons for petitioners' books and records in May of 1977; petitioners resisted the summons and continued to insist on the issuance of a second examination letter under section 7605(b). Without having further inspected petitioners' records, respondent issued the notices of deficiency to petitioners on the basis of information available to him.

Petitioners, citing *Helvering v. Taylor*, 293 U.S. 507 (1935), and *Reineman v. United States*, 301 F.2d 267 (7th Cir. 1962), contend that the Court can grant two kinds of relief for respondent's failure to issue a second examination letter under section 7605(b): (1) Set aside respondent's notices of deficiency as null and void or (2) deny the presumption of correctness ordinarily given to respondent's notices of deficiency because they are excessive and arbitrary. Respondent contends that a failure to issue a second examination letter, in the absence of arbitrary and excessive deficiency determinations, does not entitle petitioners to any relief. We agree with respondent.

Section 7605(b) provides as follows:

No taxpayer shall be subjected to unnecessary examination or investiga-

---

[11]See also *Hennik v. Commissioner*, T.C. Memo. 1957–11; *Galindos v. Commissioner*, T.C. Memo. 1955–89. These cases involved motions to dismiss the entire petition for failing to state a cause of action; the same principles apply to respondent's present motion to dismiss part of the petition for failing to state a claim upon which relief can be granted.

tions, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

*Reineman v. United States, supra,* cited by petitioners to support their contentions that the present notices of deficiency are null and void, is inapposite. There, the notice of deficiency was based on a second examination, without notice to the taxpayer and without the taxpayer's consent. In the case at bar, there was no second examination, and as a result, no violation of section 7605(b). In cases having facts substantially similar to those here in question, we found there was no second examination and, thus, no violation of section 7605(b). See *United States Holding Co. v. Commissioner,* 44 T.C. 323 (1965); *Rose v. Commissioner,* 70 T.C. 558 (1978).[12] In these cases, respondent requested the taxpayers' records for a second examination. The taxpayers, relying on the section 7605(b) written notice requirement, refused to grant respondent access to their records, and respondent subsequently issued notices of deficiency without having further inspected the taxpayers' books. The taxpayers asserted that respondent's noncompliance with section 7605(b) rendered the notices of deficiency void, or if not void, at least arbitrary, thereby placing the burden of proof on respondent. We held in these cases that there was no second examination and thus no section 7605(b) violation. Following our decisions in *United States Holding Co. v. Commissioner, supra,* and *Rose v. Commissioner, supra,* we can grant no relief to petitioners' allegation that respondent erred in failing to issue petitioners a second examination letter under section 7605(b). Accordingly, respondent's motion will be granted, and paragraph 4(e) of the petition will be stricken, for it fails to state a claim upon which relief can be granted.[13]

---

[12]See also *Kolom v. Commissioner,* 71 T.C. 235 (1978); *Pleasanton Gravel Co. v. Commissioner,* 64 T.C. 510, 527–528 (1975), affd. per curiam 578 F.2d 827 (9th Cir. 1978); *Wall v. Commissioner,* T. C. Memo. 1978–369.

[13]We note that even if a second examination *is* conducted, cases support the position that the mere failure of the Commissioner to comply with sec. 7605(b) will not render the notice of deficiency invalid. *Collins v. Commissioner,* 61 T.C. 693 (1974); *Rife v. Commissioner,* 41 T.C. 732, 751 (1964); *Field Enterprises, Inc. v. United States,* 172 Ct. Cl. 77, 348 F.2d 485 (1965); *Mangone Co. v. United States,* 73 Ct. Cl. 239, 54 F.2d 168 (1931); *Kroh v. United States,* an unreported decision (D. Kan. 1972, 31 AFTR 2d 73–473, 73–1 USTC par. 9141).

The case of *Helvering v. Taylor, supra,* cited by petitioners, supports their position that respondent's notices of deficiency will be denied their presumption of correctness if petitioners can show them to be arbitrary and excessive. Respondent admits that if petitioners show that the notices of deficiency are arbitrary and excessive, the burden of proof will be shifted. The numerous legal memoranda submitted by petitioners clearly indicate that their claim that respondent erred in failing to issue a second examination letter is inextricably entwined with the assignments of error and allegations of fact contained in paragraphs 4(a) to (c) and 5 of the petition that respondent's notices of deficiency are arbitrary and excessive. Paragraph 4(e) of the petition is really an allegation of fact supporting petitioners' claim that respondent's determinations are arbitrary and excessive, not an independent assignment of error. These same facts, however, relating to respondent's failure to issue a second examination letter as requested by petitioners are fully set forth in paragraph 5, and accordingly, our order to strike paragraph 4(e) will not prejudice petitioners in any way.

Finally, petitioners' request for attorney's fees will be denied. This Court is without jurisdiction to award attorney's fees to petitioners. *Key Buick Co. v. Commissioner,* 68 T.C. 178 (1977), affd. 613 F.2d 1306 (5th Cir. 1980); *Kolom v. Commissioner,* 71 T.C. 235 (1978).

In accordance with the foregoing,

*An appropriate order will be issued.*