CLEVELAND RAMSEY AND GLADYS R. RAMSEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ramsey v. Commissioner
Docket No. 13708-83.
United States Tax Court
T.C. Memo 1986-252; 1986 Tax Ct. Memo LEXIS 356; 51 T.C.M. (CCH) 1247; T.C.M. (RIA) 86252; June 19, 1986. *356 Ps alleged that R conducted a second inspection of Ps' books and records in violation of section 7605(b), I.R.C. 1954, and that R's deficiency notice was arbitrary and capricious since it contained a blanket disallowance of all claimed deductions for failure of substantiation. Held, Ps' motions to shift the burden of proof, which is treated as a motion to shift the burden of going forward with the evidence, and to dismiss and to compel discovery compliance denied. Clyde R. Maxwell and Russell P. Briesacker, Jr., for the petitioners. James M. Kamman, for the respondent. NIMS
*357 MEMORANDUM OPINION NIMS, Judge: This case is before the Court on petitioners' motions to compel discovery compliance and to shift the burden of proof, which is treated as a motion to shift the burden of going forward with the evidence, and to dismiss. Cleveland Ramsey (petitioner), who worked as a self-employed sales contractor during 1979, and Gladys Ramsey, his wife, timely filed a joint Federal income tax return for 1979 on which they reported an income tax liability of $2,696. On this return, petitioners claimed substantial business expense deductions. Sometime in 1981, Lloyd West (West), a tax technician for the Internal Revenue Service, was assigned to examine petitioners' 1979 Federal income tax return. On or about September 10, 1981, petitioners met with West at his office to discuss their 1979 return. Petitioners brought with them several receipts to substantiate some of the business expense deductions they claimed on their 1979 return. During the course of this meeting, petitioner offered West a bribe in exchange for a favorable audit report. Following the conclusion of the meeting, West informed the Inspection Division of the Internal Revenue Service of petitioner's *358 bribe. The Inspection Division directed West to prepare examination reports for petitioners' 1979 taxable year pursuant to the documentation submitted by petitioner so that they could investigate petitioner's bribe. West suspected the credibility of petitioners' documentation and would not have issued these reports but for the Inspection Division's request. In an examination report dated September 10, 1981, West determined a deficiency of $14,567.82 in petitioners' 1979 income tax. In the examination report, West disallowed the following business expenses for lack of substantiation: depreciation--$3,600; miscellaneous expenses--$3,333; repairs--$6,000; miscellaneous expenses--$2,487; contract labor--$20,000; and medical and dental--$1,062. [1]
West subsequently mailed to petitioners a Form 4564 (Information Document *359 Request) dated September 15, 1981, in which he requested that petitioners disclose the following documents: A) Bank Statements 1. Personal Savings and Checking B) Provide Original Purchase Document for Item (Transportation Equipment) Depreciation Claimed On C) Verification for Car Expense 1. Cancelled Checks, Invoices, Etc. As a result of documentation subsequently submitted by petitioners, West prepared a second examination report dated September 21, 1981, in which he determined a deficiency of $11,027.86 in petitioners' 1979 income tax. West mailed this examination report to petitioners together with a second Form 4564 dated September 23, 1981, in which he requested additional documentation of petitioners' claimed business expenses. On October 28, 1981, West visited petitioner's business office and inspected his books and records. Based on a review of these records and the records previously submitted by petitioners, West prepared an examination report dated October 28, 1981, in which he determined a deficiency of $7,101.22 in petitioners' 1979 income tax. On October 29, 1981, petitioner gave West cash of $1,100 in exchange for an examination report showing a tax *360 liability of $524. At the time he received the report, petitioner also handed to West a check in the amount of $524 payable to the Internal Revenue Service. Petitioner was subsequently arrested, indicted and tried for bribery. The trial resulted in petitioner's acquittal. On or about October 1, 1982, following petitioner's acquittal, petitioners' 1979 income tax return was assigned to Richard Stephens (Stephens), a tax technician for the Internal Revenue Service. Stephens received the administrative file which West had compiled in connection with the initial examination of petitioners' return. Although the file contained the documentation previously submitted by petitioners, Stephens was informed that some of the documents were false. Because of the false documentation and to ensure that petitioners would be treated fairly and not prejudiced by petitioner's prior criminal investigation, Stephens decided to initiate a new examination of petitioners' 1979 tax return. By letter dated November 1, 1982, Stephens informed petitioners that: The examination of your 1979 Federal income tax return has been assigned to me for completion. To be sure that the examination is not unfairly *361 influenced by any of the participants in the previous criminal action, the examination has been moved to our West Los Angeles office, located at 11390 W. Olympic Blvd., 4th floor. * * * None of the previous audit determinations will be used and you will be given the opportunity to start the examination all over. Please have with you when you come in all the information originally. Specifically, have with you all bank records for all accounts (both business and personal, and including all checking, savings and loan accounts). Also have with you verification of: 1) any non-taxable income you received in 1979; 2) cost of goods sold; 3) all labor costs; 4) supplies and materials; 5) canvancers; 6) out of state travel; 7) travel & entertainment; and 8) any purchases qualifying for investment tax credit in 1979. By letter dated November 23, 1982, petitioners' counsel informed respondent that he objected to any reinspection of petitioners' books and records. Upon receipt of this letter, Stephens contacted his manager to determine if his actions would, in fact, constitute a reinspection of petitioners' books and records. Stephens and his manager determined that because the initial *362 examination of petitioners' income tax return had been interrupted by the bribery investigation and never closed, Stephens' examination was a continuation of the original examination and, therefore, did not constitute a reinspection of petitioners' books and records.As a precautionary measure, however, Stephens issued to petitioners a reopening memorandum dated December 15, 1982, which provided as follows: We are required by law to notify a taxpayer in writing if we need to reexamine his books and records after previously examining them. Because information that may affect your tax liability has been developed since we last examined your books and records, please make them available to us for reexamination. Stephens enclosed with this letter an examination report dated December 15, 1982, in which he determined a deficiency of $20,395 in petitioners' 1979 Federal income tax and an addition to tax under section 6653(a) in the amount of $1,020. This deficiency resulted from respondent's disallowance of certain business expenses claimed by petitioners for lack of substantiation. On April 11, 1983, respondent issued a notice of deficiency based on Stephens' examination report. Neither *363 petitioners nor their counsel ever produced any books and records for Stephens' examination. On June 6, 1983, petitioners timely filed a petition with this Court in which they contested respondent's deficiency determination and additions to tax. On November 23, 1984, petitioners' counsel served respondent with a first request for admissions. On November 30, 1984, petitioners' counsel served respondent with a first set of interrogatories and a first request for production of documents. On December 24, 1984, respondent filed a motion for protective order on the grounds that petitioners' counsel had not requested an informal discovery conference and respondent hd not denied petitioners' right to such conference. By order dated January 4, 1985, we calendared respondent's motion for hearing at the Court's Los Angeles, California, trial session beginning on February 4, 1985. On January 7, 1985, petitioners filed a motion to compel discovery compliance. By order dated January 10, 1985, we calendared petitioners' motion for hearing at the Court's Los Angeles, California, trial session beginning on February 4, 1985. The motion hearing was held on February 6, 1985. After hearing arguments *364 for both sides, we suggested that respondent's counsel allow counsel for petitioners to review the administrative file respondent had compiled in connection with his examination of petitioners' 1979 income tax return. Counsel for respondent agreed to allow petitioners' counsel to review the administrative file. We then took respondent's motion for a protective order and petitioners' motion to compel discovery compliance under advisement. In February, 1985, petitioners' counsel reviewed the administrative file for petitioners' taxable year 1979, marked the documents he wanted photocopied and returned the file to respondent who then photocopied the designated documents and mailed them to petitioners' counsel. On March 11, 1985, petitioners' case was called from the calendar of the Court's Los Angeles, trial session. Counsel for petitioners filed a motion to shift the burden of going forward and dismiss on the grounds that (1) the notice of deficiency is arbitrary and capricious; and (2) respondent conducted an unlawful second inspection of petitioners' 1979 income tax return in violation of section 7605(b). By order dated March 11, 1985, we continued the hearing on respondent's *365 motion. On July 15, 1985, this case was called from the trial calendar of the Court's special trial session at Los Angeles, California. We set petitioners' motions for hearing on July 22, 1985, and continued the trial of this case generally. Counsel for both parties appeared at the July 22, 1985 motions hearing. Motion to Shift the Burden of Going Forward and to Dismiss
The first issue for decision is whether we should grant petitioners' motion to shift the burden of going forward and to dismiss. In this motion, petitioners contend that respondent issued the notice of deficiency after making a second inspection of their books and records in violation of section 7605(b). Petitioners further contend that this section 7605(b) violation renders respondent's notice of deficiency void. Petitioners therefore conclude that an order should be issued dismissing this case with a determination that there is no deficiency in their 1979 income tax. Alternatively, petitioners contend that respondent arbitrarily denied the business expenses they claimed on their 1979 income tax return. Petitioners therefore maintain that respondent should bear the burden of going forward to show that *366 petitioners are not entitled to their claimed deductions. We must first decide whether respondent made a second inspection of petitioners' books and records in violation of section 7605(b) and, if so, whether such violation renders the subsequently issued notice of deficiency void. Section 7605(b) provides as follows: No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be mde for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. Petitioners concede that neither petitioners nor their counsel ever produced any books and records for Stephens' examination. They contend, however, that even though no records were actually produced for and reinspected by respondent, respondent's request for a second inspection constitutes a violation of section 7605(b). We disagree. *367 In order to violate section 7605(b), respondent must conduct a second inspection of a taxpayer's books and records without first notifying the taxpayer that an additional inspection is necessary. Ballantine v. Commissioner,74 T.C. 516 (1980); United States Holding Co. v. Commissioner,44 T.C. 323 (1965). Petitioners concede in the instant case that their books and records were not made available to respondent for reinspection, and at no time has respondent made a reinspection of such books and records. Thus, respondent has not made a second inspection of petitioner's books and records and, therefore, has not violated section 7605(b). United States Holding Co. v. Commissioner,supra.
Moreover, even if petitioner had allowed respondent to reinspect his books and records, respondent would not be in violation of section 7605(b). Respondent notified petitioners by letter dated December 15, 1982, that a second inspection of their books and records would be necessary in light of petitioner's previous criminal prosecution. Thus, even if respondent's request for a second inspection was tantamount to an actual second inspection, *368 which it is not, respondent gave petitioners prior written notice of his intent to conduct a second inspection and, therefore, would not be in violation of section 7605(b). Having found that respondent did not conduct a second inspection in violation of section 7605(b), we need not decide whether a section 7605(b) violation would have rendered respondent's notice of deficiency void. Petitioners' motion to dismiss is denied. Petitioners alternatively request that we find that respondent was arbitrary and capricious in not allowing their business expense deductions, and, therefore, that the burden of going forward in this case should be shifted to respondent. Petitioners' request, however, in essence asks the Court to look behind respondent's notice of deficiency. As a general rule, this Court will not lock behind a deficiency notice to examine the evidence used or the propriety of respondent's motives in making the determination. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327-329 (1974); Suarez v. Commissioner,58 T.C. 792, 813 (1972). The *369 rationale for this rule is that a trial before the Tax Court is a proceeding de novo, and our decision is based on the merits of the case rather than on any previous record developed at the administrative level. Jackson v. Commissioner,73 T.C. 394, 400 (1979). This Court has recognized a rare exception to this general rule in unreported illegal income cases in which respondent presents no substantive evidence. Jackson v. Commissioner,supra. The rationale for this exception is that a taxpayer should not bear the burden of proving a negative if the Commissioner can present no admissible evidence connecting the taxpayer with the putative source of income upon which the deficiency determination is based. See Gatlin v. Commissioner,754 F.2d 921 (11th Cir. 1985), affg. per curiam T.C. Memo. 1982-489. Petitioners, however, do not fall within this exception. The deficiency in the instant case did not result from respondent's determination that petitioners had unreported income. Rather, the deficiency in issue resulted *370 from respondent's determination that petitioners had failed to substantiate certain business expenses claimed by them on their 1979 income tax return. Only petitioners are privy to the facts necessary to substantiate their claimed deductions. Consequently, it is only logical that petitioners, not respondent, shall bear the burden of proof as well as the burden of going forward. Petitioners' motion to shift the burden of going forward to respondent is denied. Motion to Compel Discovery Compliance
Although petitioners' counsel was allowed to examine the examination file compiled by respondent in connection with his investigation of petitioners' 1979 income tax return, petitioners maintain in their brief that respondent has not disclosed all of the documents set forth in their discovery requests. Specifically, petitioners contend that respondent has not completely disclosed the file compiled by the Inspection Division in connection with its criminal investigation of petitioner's bribe of Agent West nor has he disclosed certain receipts, memoranda and cancelled checks relied on by Agent Stephens to prepare his examination report. Petitioners contend that this evidence is necessary *371 to establish the basis for respondent's notice of deficiency. For the reasons stated above, however, this Court will not look behind respondent's deficiency notice, and, therefore, any evidence concerning the basis for respondent's determination is not relevant to the disposition of the instant case. Because Rule 70(b) limits the scope of discovery to "any matter * * * which is relevant to the subject matter involved in the pending case," evidence concerning the basis for respondent's deficiency determination is outside of the scope of discovery. Consequently, petitioners' motion to compel discovery compliance is denied. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Petitioners' medical expense deduction was adjusted to take into account the limitation on medical expense deductions contained in section 213. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code of 1954 in effect for the year in question. All rule references are to the Tax Court Rules of Practice and Procedure.↩