ESTEL R. SHORE, SR. AND DOROTHY F. SHORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shore v. Commissioner
Docket No. 25874-85.
United States Tax Court
T.C. Memo 1988-356; 1988 Tax Ct. Memo LEXIS 382; 55 T.C.M. (CCH) 1499; T.C.M. (RIA) 88356; August 8, 1988. *382 A timely filed petition was served on respondent on July 26, 1985. R failed to file a timely answer. On February 22, 1988, in response to an Order of the Court, R's Motion to File Answer Out of Time was filed and R's Answer was lodged. R's motion was denied without prejudice. R's Motion for Leave was filed again on May 11, 1988. Held, R failed to establish that he exercised reasonable diligence to ensure that his Answer was timely filed. Held further, that R's Motion to File Answer Out of Time is granted, except that as a sanction under Rules 104 and 123 for R's failure to timely file his Answer, it shall be taken as established that R erred in determining that an addition to tax is due from Ps under section 6653(a)(2). See Betz v. Commissioner,90 T.C. 816 (1988). Ralph F. Keister, for the petitioners. Sherri L. Feuer and Terry W. Vincent, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case came before the Court on respondent's Motion for Leave to File Answer Out of Time. [1] A notice of deficiency was issued to petitioners on April 8, 1985, determining a deficiency for the taxable year 1981 in the amount of $ 14,583.57. Respondent also determined additions to tax under section 6653(a)(1) in the amount of $ 729.18 and section 6653(a)(2) in the amount equal to 50 percent of the interest due on $ 14,583.57. The petition was served to respondent on July 26, 1985. [2] No answer having been received or filed, however, the Court issued an order on February 1, 1988, requiring respondent *384 on or before March 17, 1988, to lodge his answer together with a motion for leave to file out of time. On February 22, 1988, such motion was filed and respondent's answer lodged. Petitioners filed their Notice of Objection to respondent's motion on March 16, 1988. Respondent's Motion for Leave to File Answer Out of Time was calendared for hearing at the Motions Session of the Court on April 13, 1988. Counsel for respondent appeared and presented argument on behalf of his motion. No appearance was made by or on behalf of petitioners. The Court denied respondent's motion without prejudice to respondent to renew the motion at a later date. On May 11, 1988, respondent again filed his Motion for Leave to File Answer Out of Time. The case was called form the calendar for the Motions Session of the Court at Washington, D.C. on June 8, 1988. Counsel for respondent appeared and was heard. While no appearance was made by or on behalf of petitioners, the Court had before it Petitioners' Response to Respondent's Motion for Leave to File Answer Out of Time. Respondent argues that his failure to timely *385 file his answer was not due to willful neglect but resulted from an "unintentional clerical error." He also contends that the personnel in the Cincinnati District Counsel Office exercised reasonable diligence to ensure that the answer was filed with the Court, as evidenced by the procedures normally followed in that office. Finally, respondent maintains that petitioners were not prejudiced by the delay because their counsel was timely served and timely received a copy of the answer. Petitioners argue that respondent did not exercise reasonable diligence, respondent's normal office procedures notwithstanding, and that a delay of over 2 years in the filing of the answer was per se prejudicial. Petitioners also assert that their key witness is no longer readily available for trial as a result of the delay. It is within the complete discretion of the Court in the interest of justice to allow pleadings to be made out of time. Rule 25(c); Vermouth v. Commissioner,88 T.C. 1488, 1491-1492 (1987); Ballantine v. Commissioner,74 T.C. 516, 520 (1980); Dixon v. Commissioner,60 T.C. 802, 804 (1973); Rea v. Commissioner,60 T.C. 717, 718 (1973); *386 Estate of Quirk v. Commissioner,60 T.C. 520, 521 (1973). Our recent opinion in Betz v. Commissioner,90 T.C. 816 (1988), considered the issue of whether or not to permit respondent to file an answer out of time. In Betz, we noted that the first step in our analysis is to determine whether respondent's failure to timely file an answer was due to willful neglect or due to inadvertence. As we stated in Vermouth, "the test is not whether the defaulting party deliberately perpetuated the default, but rather whether by some reasonable diligence on his part the default could have been avoided." Vermouth v. Commissioner, supra at 1499. We therefore look to the facts in this case to determine whether respondent, by the exercise of reasonable diligence, could have timely filed an answer. In support of his Motion, respondent submitted the affidavits of Cincinnati District Counsel Office personnel responsible for preparing and filing the answer in this case. These persons included the trial attorney, her secretary, and the head office secretary. We are satisfied that the trial attorney timely prepared an Answer, a copy of which *387 was served by mail on December 5, 1985, and received by petitioner's counsel on December 6, 1985. [3]
In their affidavits, the trial attorney's secretary and the head secretary described normal office procedures in the district counsel office with regard to Tax Court filing. The duties of the trial attorney's secretary included: typing the answer; preparing the answer for signing and initialling; dating the answer once completed; placing the original answer and the appropriate number of copies in the Tax Court mail box next to the head secretary's desk; mailing a copy of the answer to petitioner's counsel; and placing the office copy in the case file. The trial attorney's secretary did not, however, remember placing the Answer in question in the Tax Court mail box. The head secretary removes all Tax Court *388 mail from the Tax Court mail box on a daily basis. She then types a transmittal listing the name and docket number of each item to be mailed to the Tax Court. Finally, the original transmittal and enclosures are mailed to the Tax Court, a copy of the transmittal being retained in the district counsel office. The record in this case does not establish that the answer was mailed to the Court. Furthermore, the transmittal for December 5, 1985, was not presented to the Court. A transmittal sent to the Tax Court is normally returned by the Court, which notes any item listed but not received. The transmittal returned by the Court can then be compared with the copy retained in the district counsel office, and the attorney is notified of any item listed on the transmittal but not received by the Court. According to counsel for respondent, the answer in this case was not listed on any transmittal, which indicates to us that it was never actually mailed to the Court. As in Betz, it appears that once a document was prepared, all responsibility for timely filing it with the Court fell on the support staff. Similarly, no attorney in the district counsel office reviewed transmittals *389 for accuracy and to ensure that documents were timely mailed to the Court. We stated in Betz that: Attorneys who practice before this Court are charged with the responsibility of observing our rules. While efficient use of an attorney's time dictates that certain tasks be delegated to the support staff, the ultimate responsibility for "diligence" rests upon the attorney handling the matter. * * * [Betz v. Commissioner, supra at 820.]
Accordingly, we find on this record that respondent failed to exercise due diligence in complying with Tax Court Rule 36. In determining what sanction, if any, is appropriate, we first examine the prejudice to petitioners that may result from respondent's failure to comply with our rules. See Betz v. Commissioner, supra;Vermouth v. Commissioner, supra. Petitioner's counsel received a copy of respondent's answer on December 6, 1985. The answer is simply a general denial of the allegations of error set forth in the petition. In this respect, the delay in filing the pleading does not appear to be prejudicial to the preparation of petitioners' case. We are not persuaded that the delay in *390 filing the answer is prejudicial because petitioners' chief witness is no longer "readily available." Having been served with a copy of respondent's answer, petitioners were informed of respondent's position with respect to the allegations contained in the petition. As such, petitioners knew what evidence was needed to support their allegations and should have taken steps to preserve such evidence. Rule 123 provides that the Court may (1) enter a decision against any party who fails to plead or otherwise proceed as provided by the Tax Court Rules or as ordered by the Court, upon such terms and conditions as the Court deems proper, or (2) impose such sanctions (for example, those specified in Rule 104) against the defaulting party, as the Court deems appropriate. We believe the petitioners were on notice of what they must establish to prevail in this matter and should be required to prove the merits of their case. Denying respondent's motion would effectively deem the allegations in the petition admitted under Rule 36(c). This could ultimately result in the entry of a decision in favor of petitioners. See Kumpf v. Commissioner,682 F.2d 67, 69 (3d Cir. 1982), *391 remanding for clarification or further proceedings an unreported Order of this Court. Entry of a decision for petitioners is too harsh a sanction under these circumstances, and such a windfall to petitioners would not serve the interests of justice. Respondent, however, seeks an addition to tax undersection 6653(a)(2). Section 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment due to negligence or intentional disregard of rules and regulations, for the period beginning on the last date prescribed for payment of the underpayment and ending on the date of the assessment or payment of the tax, whichever is earlier. In paragraph 4 of their petition, petitioners allege error in respondent's determination that they are subject to an addition to tax under section 6653(a). We stated in Betz that, Respondent should not be allowed to profit from a time-sensitive sanction against petitioners when respondent's conduct has caused delay and thereby increased the amount involved. [90 T.C. at 823.] Here, as in Betz, respondent has determined a time-sensitive *392 case. While it appears that petitioners mitigated the effects of respondent's delay by payment of the deficiency, additions to tax and interest approximately one year after the petition was filed, it nonetheless appears that prejudice to petitioners resulted in the form of the accrual of the addition to tax for negligence under section 6653(a)(2). See Betz v. Commissioner, supra;Vermouth v. Commissioner, supra at 1496. We therefore conclude that an appropriate sanction is to deem it established that respondent erred in determining the addition to tax for negligence under section 6653(a)(2). We will grant respondent's Motion for Leave to File an Answer Out of Time, but will order that it be taken as established that no addition to tax for negligence is due under section 6653(a)(2). An appropriate order will be issued.
Footnotes
1. This case was heard pursuant to section 7443A and Rule 180. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. At the time the petition was filed, petitioners resided at St. Paris, Ohio. ↩
3. After the petition was filed in this case, respondent timely moved to dismiss the petition as to taxable year 1982 for lack of jurisdiction on the ground that no deficiency had been determined for that year. The order granting respondent's motion was served on October 25, 1985, and the 60 days for filing an answer accordingly began to run from that date. Rule 25(c). ↩