EDWARD B. GILLESPIE and BETTY G. GILLESPIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gillespie v. Commissioner
Docket No. 11850-80.
United States Tax Court
T.C. Memo 1983-680; 1983 Tax Ct. Memo LEXIS 108; 47 T.C.M. (CCH) 300; T.C.M. (RIA) 83680; November 14, 1983. *108 Ps failed to comply with informal and formal requests for the production of documents. Thereafter, Ps violated a Court order to produce such documents and offered no rational explanation for such behavior. Held, the Commissioner's motion for a default judgment as a sanction will be granted. Edward B. Gillespie, pro se. Dennis Brager, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in and additions to the petitioners' Federal income taxes: Addition to Tax
Sec. 6653(a)
Year
Deficiency
I.R.C. 1954 [1]
1976
$5,412.00
$271.00
1977
7,909.00
395.00
This case is currently before the Court on the Commissioner's oral motion for a default judgment as a sanction under Rule 104(c), Tax Court Rules of Practice and Procedure.[2]
None of the facts have been stipulated. The petitioners, Edward B. and Betty G. Gillespie, husband and wife, resided in Westminster, *109 Calif., at the time they filed their petition in this case. The Commissioner filed an answer denying all the substantive allegations in the petition. Thereafter, on May 21, 1982, pursuant to Rules 70 and 72, the Commissioner wrote a letter to the petitioners and informally requested the production of certain documents. On June 10, 1982, the Commissioner received a letter from the petitioners. Such letter failed to address any of the Commissioner's requests and did not indicate when or if the requested documents would be furnished. On June 22, 1982, the Commissioner responded to such letter and also served a formal request for the production of documents on the petitioners. The petitioners did not respond to such request. On August 3, 1982, the Commissioner filed a motion to compel the production of the requested documents or to impose sanctions under Rule 104. On August 12, 1982, the petitioners wrote a letter to the Court in which they stated, in part: We would like to comply with your request to produce documents and papers but we do not know how to do this without giving up our constitutional rights * * * On August 27, 1982, the Court granted the Commissioner's motion *110 to compel the production of documents and ordered the petitioners to produce such documents pursuant to the Commissioner's formal request of June 22, 1982. Such order was served on the petitioners on August 30, 1982. The petitioners did not produce such documents. The case was set for trial on January 10, 1983, and on such date, the petitioners filed two documents which were treated by the Court as a motion to dismiss and a motion for a continuance. The Court denied both motions. At the trial, the Commissioner stated that the petitioners had not produced any documents and orally moved that the case be dismissed as a sanction for the petitioners' failure to comply with the Court's order. The Court inquired of the petitioners why they had not produced the documents pursuant to the Court's order, and the petitioners gave no satisfactory explanation for their failure to comply with such order. They claimed they were acting on the advice of counsel, but they gave no specific grounds, constitutional or otherwise, for refusing to produce the documents. When the petitioners filed their petition in this case, they requested this Court to redetermine the deficiencies and additions *111 to tax determined by the Commissioner; having made such request of the Court, they incurred an obligation to comply with the Rules and orders of this Court and to prepare the case for trial. Moran v. Commissioner,45 T.C. 528 (1966); see Miller v. Commissioner,654 F.2d 519 (8th Cir. 1981), affg. per curiam an unpublished order of this Court; Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978), affg. per curiam an unpublished order of this Court; McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Despite such obligation, the petitioners have done nothing to prepare their case for trial. After having been given at least two opportunities to produce the requested documents, the petitioners produced none of them. Furthermore, they directly violated an order of this Court to produce such documents, and they offered no rational explanation for their behavior. This Court may issue a default judgment as a sanction, and where a taxpayer has refused to comply with a discovery order, we have held such a sanction to be proper. See Rechtzigel v. Commissioner,79 T.C. 132 (1982), *112 affd. per curiam 703 F.2d 1063 (8th Cir. 1983); Eisele v. Commissioner,supra;McCoy v. Commissioner,supra;[3] see also Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. per curiam an unpublished order of this Court. Clearly, when there is a total and willful failure to comply with the order of the Court, a default judgment is appropriate. Fox v. Commissioner,     F. 2d     (7th Cir., Oct. 6, 1983), affg. an unpublished order of dismissal of this Court. Under the circumstances of this case, we believe that a default judgment is warranted. The petitioners furnished none of the requested documents, and although they were given several opportunities to comply with the requests for discovery and the orders of the Court, they refused to comply in any way. Such conduct constitutes a total *113 and willful failure to comply with the Rules and orders of this Court. Accordingly, we will grant the Commissioner's for a default judgment as a sanction and will enter a decision in his favor for both the deficiencies and the additions to tax under section 6653(a). An appropriate order will be issued and decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue. ↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
3. See also Stelten v. Commissioner,T.C. Memo. 1982-512; Riehle v. Commissioner,T.C. Memo. 1982-141; Antelman v. Commissioner,T.C. Memo. 1981-511; Lockwood v. Commissioner,T.C. Memo. 1981-243↩, on appeal (9th Cir., Aug. 20, 1981).