## BOARD OF TAX APPEALS v. UNITED STATES ex rel. SHULTS BREAD CO.

Court of Appeals of District of Columbia. Argued November 5, 1929. Decided December 2, 1929.

Rehearing Denied January 4, 1930. Mandate Stayed 30 Days.

No. 4921.

Leo A. Rover and C. T. Hendler, both of Washington, D. C., for appellant.

W. C. Sullivan, Raymond F. Garrity, and Leon F. Cooper, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a judgment of the Supreme Court of the District of Columbia directing the issuance of a peremptory writ of mandamus to compel the Board of Tax Appeals to enter a judgment in favor of appellee, plaintiff below.

This action is based upon the alleged failure of the Commissioner of Internal Revenue, after a petition for redetermination of the assessment made by him had been filed with the Board of Tax Appeals, to comply with Rule 14 of the Board, which provides

as follows: "After service upon him of a copy of the petition, the Commissioner shall have 60 days within which to file an answer, or 20 days within which to move in respect of the petition."

The petitioner filed his petition with the Board on October 18, 1926. On December 20, 1926, the Commissioner filed with the Board an application for an extension of 120 days within which to answer. It will be observed that this application was filed 42 days after the time allowed to move, and two days after the time allowed to answer, as fixed by Rule 14 of the Board, supra. Two days thereafter, the chairman of the Board of Tax Appeals granted the application for extension of time; and on January 6, 1927, the petitioner filed its motion to vacate the order granting the extension of time, and for judgment in its favor. Hearings were had before the Board on petitioner's motion for judgment; and the Board, on consideration, entered its opinion and decision denying petitioner's motion, whereupon petitioner filed its petition for a writ of mandamus in the present case.

The plaintiff prayed as follows: "That the writ of mandamus may issue out of this honorable court directed to the Board of Tax Appeals requiring it to enter judgment for the relator in each of the causes numbered 20,652 and 20,653 on its docket, to the effect that, for statutory invested capital purposes the value of the assets of the relator, as of January 1, 1918, as shown in its books, of $3,531,630.25, is correct; that the relator is entitled to an allowance for depreciation of its depreciable assets as contended for in its foregoing and annexed petition and in exhibits Nos. 1 and 2 thereto; and that the relator be afforded the benefits of Sections 327 and 328 of the Revenue Acts of 1918 and 1921 (40 Stat. 1093, 42 Stat. 275), with a re-computation in accordance with Rule 50 of the respondent Board."

On filing of the petition a rule to show cause was issued, and within time a return to the rule and an answer to the petition was filed. To this plaintiff filed a reply in the nature of a traverse. On submission of the case to the court on the pleadings and evidence, the court entered a final order adjudging "that the prayers of the petition be, and they hereby are, granted, and that the peremptory writ of mandamus issue forthwith, as prayed in the petition."

We think it unnecessary to devote any extended consideration to the contention of the plaintiff in reference to the rules of the Board. Rule 20 provides: "Continuances, extensions of time (except for the filing of the petition), and adjournments may be ordered by the Board on its own motion, or may be granted by it in its discretion on motion of either party filed in writing and showing good and sufficient cause therefor." These rules are merely procedural and cannot under any circumstances limit or control the statutory jurisdiction conferred upon the Board. Weaver v. Blair (C. C. A.) 19 F. (2d) 16. Section 907 (a) of the Revenue Act of 1926, 44 Stat. 9, 107, specifically requires that in all cases notice and an opportunity to be heard shall be given the Commissioner. The Commissioner is not required by statute to file a return or answer, but he must be given an opportunity to be heard, and no rule of the Board can deprive him of the statutory right thus conferred.

Rules of the Board, like rules of court, are made to define and regulate its procedure, and when strictly enforced have the force of statute; but it is always within the power of the promulgating authority to modify its own rules if the ends of justice seem to require it in a given case. Extension of time for pleading, in derogation of rule, is discretionary, and in the absence of gross abuse, will not be reviewed even on error. In no event can mandamus be invoked to control the exercise of this discretion. When, however, an inferior court or board attempts to disregard or modify the rule of a superior tribunal, or enforce an invalid rule, a different question, not necessary to be here considered, is presented.

The jurisdiction of the Board of Tax Appeals is not appellate but revisory. In other words, a taxpayer dissatisfied with the decision of the Commissioner may petition the Board of Tax Appeals for a redetermination of his assessment; and the duty is imposed upon the Board, where a petition is filed within the time allowed by statute, to hear and determine the case, not exclusively upon the record made before the Commissioner, but upon additional evidence to be submitted upon the issues made. It follows that, with the filing of the petition, jurisdiction is conferred upon the Board to make a redetermination, and it is elementary that where judicial or quasi judicial jurisdiction is conferred upon an executive board or executive officer, mandamus will not lie to control the exercise of that jurisdiction. While mandamus may issue against an executive officer to compel the performance of a mere ministerial act required of him by law, it will not issue

if in the performance of the ministerial act judgment and discretion are reposed in him.

■ When the petition for redetermination was filed with the Board in the present case, the duty was imposed upon the Board to proceed with the case. The objections set forth in the petition to the findings of the Commissioner presented issues between petitioner and the Commissioner for redetermination by the Board, whether the Commissioner answered the petition or not. The issues thus presented by the petition, in the absence of answer, were such as must be supported by proof. In other words, there was not such a prima facie case as would authorize or justify a judgment in default. The jurisdiction to redetermine forbids such a judgment.

In the circumstances, neither discussion nor citation of authority is required to sustain the proposition that mandamus cannot be invoked to compel the Board to enter a default judgment.

The judgment is reversed with costs, and the cause is remanded for dismissal.