Victor Alvarez TEAL

v.

KING FARMS COMPANY,
a Corporation.

Civ. A. No. 19276.

United States District Court
E. D. Pennsylvania.

Oct. 26, 1955.

Howard I. Rubin, Techner & Rubin, Philadelphia, Pa., for plaintiff.

Peirce A. Hammond, Jr., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The plaintiff instituted this action for personal injuries on July 15, 1955. The summons was served on July 28. On September 2, or about two weeks after answer and appearance were due, a default was entered, on the plaintiff's motion, against the defendant for failure to appear, plead or otherwise defend. On September 14, the defendant moved to set aside the default.

■ A default, but no judgment, having been entered, the defendant's motion is governed by the first clause of Fed. Rules Civ.Proc. rule 55(c), 28 U.S.C. which is "For good cause shown the court may set aside an entry of default * *." The rules evidently make a distinction between what is required to make a good case for setting aside a default and what is required to set aside a judgment. The latter specifies "mistake, inadvertence, surprise, or excusable neglect". This has been construed to mean that the mistake, inadvertence, or surprise, as well as neglect, must be excusable in order to give the Court the power to set aside the judgment.

■■ To set aside a default all that need be shown is good cause. There would be no reason for the distinction unless Rule 55(c) intended to commit the matter entirely to the discretion of the Court, to be exercised, of course, within the usual discretionary limits. Thus, I think that inadvertence, even if not strictly "excusable", may constitute

good cause, particularly in a case like the present where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant.

■ I am satisfied from the statements of counsel in this case that the defendant's failure to appear and plead was the result of his counsel's mistaken impression that he had completed dictating and had mailed a letter in the dictation of which, as a matter of fact, he was interrupted and failed to complete it. I accept his statements as made in entire good faith and will grant the motion to strike off the default.