Eileen J. Moran, Petitioner, *v.* Commissioner of Internal Revenue, Respondent

Docket No. 4188–64. Filed March 9, 1966.

*Eugene J. Moran*, for the petitioner.
*Charles M. Greenspan*, for the respondent.

### FINDINGS OF FACT

Simpson, *Judge:* The respondent has asserted that Eileen J. Moran, the petitioner, is liable for $12,667.78 as transferee of the assets of James J. and Josephine Moran. The liability of the transferors for tax and penalties was decided by this Court in docket No. 69061.

The respondent mailed a notice of transferee liability to the petitioner on May 28, 1964. On August 27, 1964, a petition was filed with this Court requesting a review of such liability. The respondent's answer to the petition contained the following affirmative allegations:

(a) The petitioner Eileen J. Moran is the daughter of James J. and Josephine Moran.

(b) There are now due and owing from James J. and Josephine Moran the following deficiences in income tax and penalties:

| Taxable year ended Dec. 31— | Tax | Penalty, I.R.C. 1939 | |
|---|---|---|---|
| | | Sec. 293(b) | Sec. 294 (d) (1)(A) |
| 1948 | $54,168.76 | $27,084.38 | $4,911.54 |
| 1949 | 71,233.76 | 35,616.88 | 6,411.69 |
| 1950 | 36,524.08 | 18,262.04 | 3,308.15 |
| Totals | 161,926.60 | 80,963.30 | 14,631.38 |

(c) James J. and Josephine Moran have no assets with which to satisfy the aforesaid deficiencies in income tax and penalties.

(d) While indebted to the United States on account of the aforesaid deficiencies in income tax and penalties, James J. and Josephine Moran without consideration by deed dated July 2, 1962 transferred the real property located at 545 Eighth Street, Brooklyn, New York to the petitioner. On that date said real property had a fair market value of $16,000.00 and was subject to a mortgage of $3,332.22. Accordingly, the net value of said transfer to petitioner was $12,667.78. The transferors were insolvent from December 31, 1950 to date.

(e) The aforesaid transfer in the amount of $12,667.78 to the petitioner was made pursuant to a plan to defeat and evade the collection of the aforesaid deficiencies in income tax and penalties due and owing by James J. and Josephine Moran.

(f) By reason of the aforesaid transfer to the petitioner of the assets of her parents, the petitioner became and is liable as transferee under section 6901 of the Internal Revenue Code of 1954 for the deficiencies in income tax and penalties, plus interest as provided by law.

A copy of this answer was served on petitioner by this Court on November 16, 1964. The petitioner failed to reply to the answer as required by Rule 15, Tax Court Rules of Practice.

On February 15, 1965, the respondent moved that the undenied affirmative allegations in his answer be deemed admitted. The petitioner was duly notified of said motion and a hearing set. Petitioner did not appear at said hearing and on March 17, 1965, respondent's motion was granted. Accordingly, those allegations are found as facts in this case.

The petitioner was duly notified that the case would be heard on January 17, 1966, at New York, N.Y. When the case was called for trial, neither the petitioner nor her counsel appeared. The respondent then moved for judgment on the pleadings.

OPINION

The only two questions in this case are whether transferee liability may be established by affirmative allegations which have been deemed admitted, and if so, whether the allegations in this case are sufficient to establish such liability. We answer both questions in the affirmative.

The burden of proving transferee liability is upon the respondent and he must affirmatively allege facts sufficient to establish the liability. Sec. 6902(a), I.R.C. 1954. However, when the respondent's answer sets forth these allegations of fact and when there is no reply to them, the respondent may move that his allegations be deemed admitted. Rule 18(c), Tax Court Rules of Practice. Such motion has been made and granted in this case. The petitioner has failed to appear or take part in any of the proceedings. In view of the ample notice and opportunities to object provided for by our Rules, we believe that it is entirely reasonable to hold that the respondent need produce no additional proof of the facts alleged and deemed admitted. Moreover, the petitioner has selected this forum to review her liability and is bound by its rules. Admitted allegations have long sufficed as proof of facts in other instances where the respondent has the burden of proof. *Louis Morris*, 30 T.C. 928 (1958) (involving fraud); *Robert Kenneth Black*, 19 T.C. 474 (1952) (involving an additional deficiency).

The remaining question is whether all the essential elements of transferee liability have been set forth in the respondent's answer. The elements of such liability are: (1) There has been a transfer of property to the petitioner; (2) the transfer was made for inadequate

consideration; (3) the transferor was insolvent at the time of the transfer or became insolvent as a result of the transfer; (4) the respondent must establish the value of the property transferred; and (5) the transferor presently owes the tax. 3 Casey, Federal Tax Practice, sec. 12.74 (1955). In this case, the respondent has established that there was a gratuitous transfer of described real estate to the petitioner at a time when the transferors were insolvent. The value of the property is clearly established, as well as the present liability of the transferors.

Accordingly,

*Decision will be entered for the respondent.*