*Decision will be entered under Rule 50.*

ESTATE OF HELEN MOORE QUIRK, AKELEY P. QUIRK, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8428–72. Filed June 28, 1973.

*Hilbert P. Zarky,* for the petitioner.
*St. Clair Reeves,* for the respondent.

OPINION AND ORDER

FORRESTER, *Judge:* Respondent has moved for leave to file his answer out of time. The motion itself was untimely and petitioner opposes it, relying in part on an unreported Memorandum Sur Order filed by this Court on July 18, 1972, in Clark Tank Lines Company, Inc., docket No. 721–71.

In a notice of deficiency dated November 1, 1972, and addressed to petitioner in Los Angeles, Calif., respondent determined an estate tax deficiency of $135,210.49, and an addition to tax under section 6653(b) (fraud), I.R.C. 1954, of $67,605.24. Petitioner filed a timely petition with this Court on November 13, 1972, and respondent was served with the petition on November 15, 1972. On January 9, 1973, respondent filed a motion with this Court to "extend the time within which to answer * * * from January 14, 1973, to March 15, 1973." That motion was granted only in part, an extension being allowed to February 13, 1973. On February 8, 1973, respondent again filed a motion to "extend the time within which to answer * * * to March 15, 1973." This motion was denied on February 9, 1973. It was not until February 26, 1973, that respondent lodged his answer herein, together with

a motion for leave to file it out of time. Petitioner has vigorously opposed this motion and urges that it be denied.

Rule 14(a) of the Rules of Practice of this Court provides that after a petition has been served on respondent he shall have 60 days within which to file an answer. Rule 20(a) provides that this Court may grant an extension of time within its discretion upon the filing of a timely motion which sets forth "good and sufficient cause" for the extension. Rule 19(a) provides that motions must be timely and must fully set forth the alleged reasons for the action sought.

Even though respondent's motion was untimely, it is clearly within our discretion to grant the motion and allow him to file a late answer if good and sufficient cause is shown. See *Shults Bread Co.*, 10 B.T.A. 268 (1928); *Board of Tax Appeals* v. *United States ex rel. Shults Bread Co.*, 37 F. 2d 442 (C.A.D.C. 1929), certiorari denied 281 U.S. 731 (1930).[1] However, respondent has shown nothing which would justify the exercise of such discretion, and we deny the motion.

Respondent's only attempt to show good and sufficient cause for his violation of Rule 14(a) has been a vague allegation that he did not have access to his files because they were being shuffled between offices. He has also complained about the slow mail service between Washington, D.C., and California. We are left completely unpersuaded that respondent had good and sufficient cause for lodging his answer 13 days late, especially in light of the 1-month extension he had already been granted.

The Rules of this Court were adopted for serious reasons and are not to be taken lightly. Time limitations, for example, are necessary to ensure the speedy and efficient disposition of cases so that evidence and witnesses will not grow stale. Litigation before this Court would be significantly slowed if we routinely countenanced violations of the time limitations set by our Rules. And, of course, respondent must be held to the same strict observance of the Rules that we require of taxpayers. Cf. *Eileen J. Moran*, 45 T.C. 528 (1966).

In view of the above, it is

ORDERED: That respondent's motion for leave to file an answer out of time is denied.

---

[1] Also see and compare *Newmark* v. *Commissioner*, 311 F. 2d 913, 918 fn. 1 (C.A. 2, 1962), affirming a Memorandum Opinion of this Court.