TIMOTHY E. REA AND SHARON L. REA, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4152–72.    Filed August 20, 1973.

*Harvey R. Zeller*, for the petitioners.
*Irwin R. Cohen*, for the respondent.

#### OPINION

IRWIN, *Judge:* This is before us on "Respondent's Motion for Leave to File Answer Due September 18, 1972, Out of Time," which was filed on February 26, 1973, with which was received an answer lodged with the Court on the same day. Petitioners' objection to respondent's motion was filed on March 16, 1973. Arguments were heard on respondent's motion at Newark, N.J., on April 30, 1973; respondent's memorandum brief was filed on May 30, 1973; and petitioners' memorandum brief was filed on June 1, 1973.

The facts leading up to the filing of respondent's motion are not disputed. The petition herein was timely filed on June 6, 1972, predicated upon a notice of deficiency dated March 9, 1972, which determined an income tax deficiency for the taxable year 1970 in the amount of $297.31. Since the petition was imperfect, the Court issued an order to show cause on June 15, 1972, directing petitioners to file a proper amended petition and pay the $10 filing fee.

On July 17, 1972, an amended petition was filed and the filing fee was received. Together with the foregoing, the Court received petitioners' check number 231 dated July 13, 1972, made payable to the Internal Revenue Service in the amount of $20. At the bottom of page 1 of the amended petition is set forth an explanation for the transmission of the $20 check. The amended petition and $20 check were served on respondent on July 20, 1972, along with a copy of the Court's order dated July 19, 1972. Through an error in respondent's national office, those documents were filed in an emergency file rather than being sent to regional counsel for preparation of an answer. Respondent asserts that the reason for the error was that the "taxpayer," at the same time he filed his amended petition, also sent a check in the amount of $20 which represented his computation of tax due and that the Court's order and amended petition were fastened to the office copy of the letter transmitting the check to the Director, Taxpayer Service Division.

As we analyze the record in this case, the Internal Revenue Service was making the necessary arrangements to process the $20 check so that petitioners would obtain credit therefor. Unfortunately, the Court's order and amended petition were fastened to the papers in that emergency file and did not come to light until over 5 months thereafter. We are satisfied that once this error was discovered, respondent, with due diligence, proceeded to file the motion now under consideration, lodging his answer to the petition at the same time. We are further satisfied that if petitioners had not transmitted their $20 check with their amended petition, thus complicating matters, the amended petition would have been transmitted forthwith to the proper office for the preparation of an answer to be timely filed.

Rule 20(a) of the Tax Court Rules of Practice provides that this Court may grant an extension of time within its discretion upon the filing of a timely motion which sets forth "good and sufficient cause" for the extension.

Even assuming respondent's motion was untimely, which it was not since it was a motion for "Leave" to file out of time, it is clearly within our discretion to grant the motion and allow him to file a late answer if good and sufficient cause is shown. See *Shults Bread Co.*, 10 B.T.A. 268 (1928); *Board of Tax Appeals v. United States ex rel. Shults Bread Co.*, 37 F. 2d 442 (C.A.D.C. 1929), certiorari denied 281 U.S. 731 (1930); *Estate of Helen Moore Quirk*, 60 T.C. 520 (1973); and an unpublished Memorandum Sur Order dated July 9, 1973, in Edgar M. Boyd and Deborah H. Boyd, docket No. 8938–72.

When the petition and amended petition were filed in this case, a duty was imposed on the Court to proceed with the case. The allega-

tions of error to the determinations of the Commissioner presented issues between petitioners and the Commissioner for redetermination by the Court, whether the Commissioner answered the petition as amended or not. The issues presented in this case, in the absence of an answer, were such as must be supported by proof, and petitioner has the burden of proof. There has not been a prima facie case established which would justify a default judgment. Furthermore, our jurisdiction to redetermine the deficiency in tax would not justify the entry of a default judgment under these circumstances. *Shults Bread Co., supra.*

Petitioners have not shown any hardship, much less irreparable harm, to themselves as a result of the delay in this proceeding. In this connection, respondent asserts that he stands ready to proceed to trial immediately if his motion is granted.

We are cognizant of the fact that the Rules of this Court are to be respected and observed by both parties and that they are designed to assure the orderly and timely disposition of the cases that are filed.

On this record we conclude that the delay in respondent's filing of his motion and answer was due to an unintentional, inadvertent error and that petitioners have shown no harm to them occasioned by such delay. In our opinion good and sufficient cause for the delay has been shown. We so hold.

Our narrow holding in the *Estate of Helen Moore Quirk, supra,* is distinguishable on the ground that there a direct order of this Court was violated by the respondent, and a good and sufficient cause for the delay was not shown.

Accordingly, respondent's motion for leave to file answer due September 18, 1972, out of time, filed on February 26, 1973, will be granted and the answer lodged with the Court, also on February 26, 1973, will be directed to be filed and served on counsel for petitioners.

*An appropriate order will be entered.*