EDWARD F. DIXON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2284–73. Filed August 29, 1973.

*Robert D. Peloquin* and *Robert M. Taylor*, for the petitioner.
*Howard W. Gordon*, for the respondent.

OPINION

DAWSON, *Judge:* On January 10, 1973, respondent sent the petitioner a timely statutory notice of deficiency, after making a jeopardy assessment, which determined Federal income tax deficiencies and additions to tax, as follows:

| Taxable year | Deficiency | Addition to tax sec. 6653(b), I.R.C. 1954 |
|---|---|---|
| 1970 | $902,679.29 | $451,339.65 |
| 1971 | 550,514.48 | 275,257.24 |

On March 30, 1973, the petition in this case was filed with the Court. Respondent's answer was due on June 1, 1973 (Rule 14(a), Tax Court Rules of Practice), but was not lodged with the Court until June 11, 1973, 10 days late. Respondent filed on June 11, 1973, a "Motion for Leave to File Answer Out of Time." This motion was served on petitioner, and his counsel filed on July 2, 1973, a motion in opposition to respondent's motion.

On July 18, 1973, a hearing was had on respondent's motion and, at the conclusion thereof, the parties were invited to file memorandum briefs.

At the hearing on July 18, 1973, the Court was informed that on May 9, 1973, the answer was prepared by Mr. Howard W. Gordon, an attorney in the Philadelphia Regional Counsel's Office, and forwarded to respondent's National Office in Washington. The Chief Counsel's Office received the answer on May 11, 1973, and the Trial Branch, Tax Court Litigation Division, National Office, received it on May 14, 1973. The Trial Branch has the responsibility in certain cases involving possible criminal charges to review and forward the answer to the Department of Justice for coordination. The attorney in the Trial Branch who was assigned the answer for coordination was at that time preoccupied with the sale of his house, a vacation, and other miscellaneous assignments including but not limited to motion assignments and the procurement of documentary evidence from Senate committees. The answer in this case remained in the attorney's office until June 11, 1973, when it first came to his attention. When the answer did come to his attention, the attorney immediately sought informal coordination with the Enforcement Division of the Chief Counsel's Office. The Enforcement Division indicated that no coordination was necessary because the matter was in the preindictment stage and the answer should have gone directly to the Tax Court. Between May 16, 1973, and June 11, 1973, the answer remained in the attorney's office with nothing being done with respect thereto. This lack of action was due to an oversight or mistake. On June 11, 1973, respondent's attorney did seek coordination to the extent of determining whether any coordination was necessary.

The answer date (June 1, 1973) had been inadvertently missed. In respondent's motion to file the answer out of time, it was stated that "it was necessary to coordinate the answer with other governmental agencies" and that during "the course of that coordination the due date of the answer was inadvertently overlooked." At the hearing on the motion respondent's Washington counsel clarified his reason and admitted that the lateness of his action was due to his inadvertent mistake or oversight.

Petitioner argues that, in these circumstances, it would be a gross abuse of the Court's discretion to grant respondent's motion to file his answer out of time. He contends that respondent is, in essence, seeking equitable relief, but in doing so has come with "unclean hands" by stating a reason in his motion which he now asserts is incorrect. Petitioner also claims that if the Court permits the answer to be filed out of time, then petitioner's rights under the fourth, fifth, and sixth amendments will be violated.

Respondent, on the other hand, contends that the standards to be employed by the Court in exercising its discretion to accept an answer out of time are: (1) Whether the respondent willfully disregarded the Court's Rules of Practice; (2) whether petitioner is prejudiced by respondent's late filing; and (3) whether justice requires the exercise of the Court's discretionary powers.

Even though respondent's answer was untimely, it is clearly within the Court's discretion to grant the motion and allow him to file a late answer if good and sufficient cause is shown. See *Shults Bread Co.*, 10 B.T.A. 268 (1928); *Board of Tax Appeals* v. *United States ex rel. Shults Bread Co.*, 37 F.2d 442 (C.A.D.C. 1929), certiorari denied 281 U.S. 731 (1930); *Newmark v. Commissioner*, 311 F.2d 913, 918 fn. 1 (C.A. 2, 1962), affirming a Memorandum Opinion of this Court; *Estate of Helen Moore Quirk*, 60 T.C. 520 (1973). Rule 20 of the Tax Court Rules of Practice manifests what has been the Court's traditional practice with respect to nonstatutory time limitations. For example, in situations involving the failure of a petitioner to file a reply to an answer within the 45-day period provided in Rule 18(b), the Court has permitted the reply to be filed out of time where the petitioner's only excuse is due to inadvertence.

In *Board of Tax Appeals* v. *United States ex rel. Shults Bread Co.*, where the answer was 2 days late, the court said (p. 443):

Rules of the Board, like rules of court, are made to define and regulate its procedure, and when strictly enforced have the force of statute; but it is always within the power of the promulgating authority to modify its own rules if the ends of justice seem to require it in a given case. Extension of time for pleading, in derogation of rule, is discretionary * * *

We think the facts herein belie a willful disregard of the Rules and clearly point to the fact that petitioner would not be prejudiced if respondent's motion is granted.

Cases have arisen under rule 55, Federal Rules of Civil Procedure, which disclose that the mere fact of delay is not customarily regarded as significant if the party in default promptly initiates corrective action upon learning of his omission or error. For example, in *Elias* v. *Pitucci*, 13 F.R.D. 13 (E.D. Pa. 1952), the defendant's attorney had failed to file an answer to a complaint in a negligence case in the mistaken belief that none was required. Approximately a year and a half later a default order was entered against the defendant which left only the matter of damages unresolved. It was still another year later, during a pretrial conference, that defendant's new counsel became aware of the fact that no answer had been filed. He then promptly prepared a motion to set aside the default. This motion was granted over objection with the court giving particular weight to counsel's prompt action upon learning of the mistake.

Similarly, in the instant case, the delay was the result of a mistake. Neither the mistake nor the delay was to any degree attributable to any willful misconduct by respondent's attorneys or agents. Upon discovery of the mistake, immediate action was taken to rectify it.

In the case of *Teal* v. *King Farms Co.*, 18 F.R.D. 447 (E.D. Pa. 1955), default was entered against the defendant on plaintiff's motion filed 2 weeks after answer and appearance were due. Thereafter, the defendant moved to set aside the default. In setting aside the default, the District Court stated that *"inadvertence*, even if not strictly 'excusable,' may constitute *good cause*, particularly * * * where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant." (Emphasis added.) See also 6 Moore, Federal Practice par. 55.10[2], 55–239, 55–240 (2d ed. 1972) ; *Boyer* v. *State of Wisconsin*, 55 F.R.D. 90 (E.D. Wis. 1972).

"Good and sufficient cause" does not necessarily require a manifest, distinct, or specific act. Inadvertence in and of itself has been found to be good and sufficient cause. *Teal* v. *King Farms Co., supra; In the Matter of John H. Maclin Peanut Co., Inc.*, 84 N.L.R.B. 384 (1949). This Court, in revising its Rules of Practice and Procedure, recognized some of the weaknesses in the wording of Rule 20(a). New Rule 25(c) of the Rules of Practice and Procedure of the United States Tax Court, effective January 1, 1974, provides that "Unless precluded by statute, the Court in its discretion may make longer or shorter any period provided by these Rules." The Rules Committee of the United States Tax Court indicated that Rule 25(c) is the counterpart of the

present Rule 20(a) and rule 6(b) of the Federal Rules of Civil Procedure. Definitional problems of "good and sufficient cause" are avoided in the Court's new rules by the more general and flexible form. While the new rules are clearer, the same flexibility exists under present Rule 20(a) because the Court can, by exercising its discretion, grant an extension of time upon its own motion.

Petitioner has not indicated that the late filing of respondent's answer has caused his witnesses or evidence to grow stale, or has in any way delayed the trial of his case. The facts of the matter are that this case is one of five related cases, the others being:

| | |
|---|---|
| John P. Dixon | Docket No. 1746–73 |
| Dixon Contracting Co., Inc. | Docket No. 2283–73 |
| Commonweath Development Association of Pennsylvania | Docket No. 2470–73 |
| John L. Dixon | Docket No. 2471–73 |

Timely answers have been filed in all the related cases and two of these answers were filed prior to the answer due herein. This petitioner, who is represented by the same counsel, can hardly say that he was not on notice as to what would be pleaded since the facts pleaded in all the cases are essentially the same. Trial will not be delayed because of various motions filed by the petitioners in the related cases. The petitioner herein has basically pleaded conclusions, not facts, which are more or less the same facts as those alleged in the petitions in the related cases. Such allegations of fact were denied by the respondent in answers to those petitions. Since all of the cases will probably be consolidated for trial at a later time, it is our view that the petitioner has in no way been prejudiced.

It is true that the Rules of this Court are to be respected and observed by both parties. They are not intended to be traps for either party, but they are designed to assure the orderly and timely disposition of the cases that are filed. See *Estate of Helen Moore Quirk, supra,* which turns upon its unusual facts and is distinguishable from this case because there a direct order of the Court was violated. In our opinion this case more closely resembles *Shults Bread Co., supra,* where, as here, the respondent because of an inadvertent error or mistake failed by a few days to meet the time requirements of Rule 14(a). We think no prejudice or irreparable harm has resulted to the petitioner. An injustice completely out of proportion to respondent's inadvertent failure would occur if the Court did not permit him to file his answer. See *Timothy E. Rea,* 60 T.C. 717 (1973). Under the circumstances we reject the petitioner's arguments.

Accordingly, we will grant respondent's motion for leave to file the answer out of time.

*An appropriate order will be entered.*