WILLIAM S. BENNETT and COLLEEN M. BENNETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bennett v. Commissioner
Docket No. 13447-79.
United States Tax Court
T.C. Memo 1984-348; 1984 Tax Ct. Memo LEXIS 328; 48 T.C.M. (CCH) 468; T.C.M. (RIA) 84348; July 10, 1984. *328 Held:
(1) H and W have failed to properly prosecute their case. (2) Affirmative allegations in the Commissioner's amended answer which have been deemed admitted, as well as requests for admission which have been deemed admitted, are sufficient to satisfy the Commissioner's burden of proof with respect to the fraud additions. Karen J. Simonson, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: In part this matter is before t he Court on the Commissioner's motion requesting that as to the deficiencies, the petitioners' case shall be dismissed pursuant to Rule 123(b), Tax Court Rules of Practice and Procedure.[1] The *329 sole issue raised by the motion is whether, pursuant to Rule 123(b), the petitioners have failed to properly prosecute their case thus justifying, as to the deficiencies, dismissal of their case and entry of decision against them. At the conclusion of the hearing on such motion, the Court took the motion under advisement. We must also decide, based on the record, whether the petitioner, William S. Bennett, is liable under section 6653(b) of the Internal Revenue Code of 1954[2] for the addition to tax for fraud for 1972 and 1973. The Commissioner determined deficiencies in the petitioners' Federal income taxes of $13,050.00 for 1972 and $2,969.78 for 1973. He also determined that the petitioner, William S. Bennett, was liable pursuant to section 6653(b) for additions to tax for fraud of $6,583.50 in 1972 and of $1,484.89 in 1973. None of the facts have been stipulated. However, certain facts have been deemed admitted pursuant to Rule 37(c) and Rule 90(c). *330 The petitioners, William S. and Colleen M. Bennett, husband and wife, filed a joint petition. Mr. Bennett was incarcerated at the United States Penitentiary, McNeil Island, Steilacoom, Wash., at the time such petition was filed. The record does not indicate the residence of Mrs. Bennett at the time the petition was filed. The petitioners filed joint Federal income tax returns for 1972 and 1973 with the Internal Revenue Servise Center, Fresno, Calif. They also filed an amended return for 1972 with the same service center. Mr. Bennett will sometimes be referred to as the petitioner. After their receipt of the notice of deficiency, the petitioners timely submitted to this Court a document which was filed as a petition, although it did not satisfy the requirements for a petition and was not accompanied by the required fee. By order, the Court directed the petitioners to file a proper amended petition and to pay the filing fee. The time period within which to file a proper amended petition was twice extended by order of the Court, and eventually, the petitioners timely filed an amended petition. The amended petition was served on the Commissioner, and he timely filed an answer *331 denying the substantive allegations of the petition. Subsequently, the Commissioner filed an amendment to his answer in which he affirmatively alleged that on August 4, 1977, the petitioner was indicted for filing false returns for the taxable years 1972 and 1973 in which he understated his income in violation of section 7206(1); that on January 17, 1978, he was found guilty as charged in the indictment and a verdict was entered to that effect on February 17, 1978, by the United States District Court for the Northern District of California; that an appeal taken by the petitioner was denied by the United States Court of Appeals for the Ninth Circuit on April 3, 1979; that the judgment against the petitioner is now final; and that a finding of fact that the petitioner did willfully file false joint income tax returns for the taxable years 1972 and 1973 was essential to support the finding by the court that the petitioner was guilty as charged in the indictment. The petitioners did not reply to the Commissioner's affirmative allegations set out in his amended answer, and therefore, the Commissioner filed a motion pursuant to Rule 37(c) for an order deeming admitted the affirmative *332 allegations contained in the amendment to his answer. Such motion was served on the petitioners together with a notice that a hearing on the motion was calendared in Washington, D.C. In the notice, the petitioners were also informed that if they filed a proper reply promptly, as require by Rule 37(a) and (b), the Commissioner's motion would be denied, but that if a reply was not so filed, the Court would act upon the motion in its own discretion on the hearing date. The notice of filing was returned to the Court from the United States Penitentiary, Steilacoom, Wash., with the notation "Not Here." Having been informally advised that the petitioner had been released from the penitentiary and that he was then residing at 2401 Spruce Street, Bakersfield, Calif., the Court ordered the petitioner's address changed on the records of the Court to the Bakersfield address. The Court also ordered that the time within which the petitioners had to file a reply was extended and continued the hearing on the Commissioner's motion nunc pro tunc. The petitioners did not file a reply, nor did they file any other response to the Court's order. They also did not appear at the hearing.By order, *333 the Court granted the Commissioner's motion and deemed admitted, for purposes of the present case, the undenied affirmative allegations of fact contained in the Commissioner's amendment to his answer. The Commissioner filed two requests for admissions pursuant to Rule 90 in this case. His first request contained, in part, the following requests for admissions: 2. In 1972, petitioners received unreported income income in the amount of $59,861.38. * * * 7.In 1973, petitioners received unreported income in the amount of $16,000.00. The petitioner have never responded to the Commissioner's first request for admissions. The Commissioner's second request contained the following requests for admissions: 1. On their joint 1972 federal income tax return, petitioners understated their taxable income in the amount of $54,861.38. 2. On their joint 1972 federal income tax return, petitioners understated their income tax liability in the amount of $13,167.00. 3. Petitioner William S. Bennett, fraudulently, and with intent to evade tax, omitted taxable income of $54,861.38 from petitioners' joint 1972 federal income tax return. 4. A part of the underpayment of tax required *334 to be shown on the petitioners' joint 1972 federal income tax return is due to fraud with intent to evade tax. 5. On their joint 1973 federal income tax return, petitioners understated their taxable income in the amount of $11,000.00. 6. On their joint 1973 federal income tax return, petitioners understated their income tax liability in the amount of $2,969.78. 7. Petitioner William S. Bennett, fraudulently, and with intent to evade tax, omitted taxable income of $11,000.00 from petitioners' joint 1973 federal income tax return. 8. A part of the underpayment of tax required to be shown on petitioners' joint 1973 federal income tax return is due to fraud with intent to evade tax. The petitioners have never responded to the Commissioner's second request for admissions. On October 12, 1982, the Court sent a notice informing the petitioners that their case was set for trial at the trial session beginning on January 10, 1983, in Los Angeles, Calif. Such notice was return to the Court marked "unclaimed." The petitioners did not appear at the call of the calendar on January 10, 1983. The sole issue raised by the Commissioner's motion is whether, pursuant to Rule 123(b), *335 the petitioners have failed to properly prosecute their case thus justifying, as to the deficiencies, dismissal of their case and entry of decision against them. The petitioners have the burden of disproving the Commissioner's determination as to the deficiencies. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). Other than filing a petition with this Court, the petitioners have done nothing to prosecute their case. When the petitioners filed their petition, they requested this Court to redetermine the deficiencies and additions to tax determined by the Commissioner. Having made such request of the Court, they incurred an obligation to comply with the Rules and orders of the Court and to prepare the case for trial in due course. Moran v. Commissioner,45 T.C. 528, 529 (1966). Rule 21(b)(4) provides that the Court shall be promptly notified of the change of mailing address of any party. The petitioners failed to notify the Court of their change of address. Clearly, it was their obligation to do so, and if they did not receive the notice of the trial, the failure was their fault. Accordingly, we hold, based on the entire record before us, *336 that the petitioners have failed to properly prosecute their case, and we grant the Commissioner's motion. See Freedson v. Commissioner,565 F.2d 954, 954-955 (5th Cir. 1978), affg. 67 T.C. 931 (1977); Gilday v. Commissioner,62 T.C. 260, 261 (1974); Strachan v. Commissioner,48 T.C. 335, 338 (1967). The remaining issue is whether, based on the record, the petitioner is liable under section 6653(b) for the addition to tax for fraud for 1972 and 1973. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b); Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner will carry his burden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended *337 to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner, supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). *338 The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each taxable year in issue. Otsuki v. Commissioner,supra.
In the present case, the undenied affirmative allegations contained in the Commissioner's amendment to his answer were deemed admitted by this Court's order. In addition, the Commissioner's two requests for admissions were unanswered by the petitioner and, thus, are deemed admitted pursuant to Rule 90(c). We have previously held that the Commissioner may carry his burden of proof with respect to fraud by means of evidence deemed admitted. Doncaster v. Commissioner,77 T.C. 334, 337 (1981); Marcus v. Commissioner,70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. at 262. [3] The evidence deemed admitted more than satisfies the Commissioner's burden of proof. Accordingly, *339 we hold that the Commissioner has shown by clear and convincing evidence that the petitioner is liable for the additions to tax for fraud pursuant to section 6653(b) for 1972 and 1973. An appropriate order and decision will be entered for the respondent.
Footnotes
1. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure. ↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
3. See Ammen v. Commissioner,T.C. Memo. 1982-476; Pimbley v. Commissioner,T.C. Memo. 1982-103; Amato v. Commissioner,T.C. Memo. 1977-305; Reynolds v. Commissioner,T.C. Memo. 1977-181↩.