LUCIEN B. BURNHAM, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Burnham v. Commissioner
Docket Nos. 8019-78, 8020-78, 9551-79, 11704-80, 13728-81.
United States Tax Court
T.C. Memo 1984-344; 1984 Tax Ct. Memo LEXIS 324; 48 T.C.M. (CCH) 456; T.C.M. (RIA) 84344; July 10, 1984. *324 Held:
(1) H and W have failed to properly prosecute their case. (2) Requests for admissions which have been deemed admitted are sufficient to satisfy the Commissioner's burden of proof with respect to the fraud additions. Charles W. Jeglikowski, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Additions to Tax
Sec.
Sec.
6653(a)
6653(b)
Sec. 6654
I.R.C.
I.R.C.
Docket No.
Petitioner
Year
Deficiency
1954 [2]
1954
I.R.C. 1954
8019-78
Lucien B.
1970
$3,142.12
$1,571.06
$90.56
Burnham
1971
4,922.63
2,461.32
157.53
1974
17,368.64
8,684.32
8020-78
Jacqueline W.
1970
1,803.96
901.98
Burnham
1971
3,510.11
1,754.56
1974
17,008.36
8,504.18
9551-79
Lucien B.
1975
5,660.52
2,830.26
244.41
Burnham
11704-80
Lucien Burnham
1976
8,570.65
4,285.33
Jacqueline W.
1976
8,187.15
4,093.58
Burnham
13728-81
Lucien Burnham
1977
1,572.53
$78.63
Jacqueline W.
1977
1,772,53
88.63
Burnham
*325 The first issue for decision is whether pursuant to Rule 123(b), Tax Court Rules of Practice and Procedure, [3] the petitioners have failed to properly prosecute their case, thus justifying dismissal of their case and entry of decision against them with respect to the deficiencies and the additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations and under section 6654 for failure to pay estimated income tax. The second issue for decision is whether, based on the record, the petitioners are liable under section 6653(b) for the additions to tax for fraud. None of the facts have been stipulated. However, certain facts have been deemed admitted pursuant to Rule 90(c). The petitioners, Lucien B. and Jacqueline W. Burnham, husband and wife, filed individual petitions with respect to the years 1970, 1971, 1974. Mr. Burnham filed an individual petition with respect to 1975. The petitioners filed joint petitions with respect to the years 1976 *326 and 1977. The petitioners were residents of California at the time they filed their petitions in this case. Mr. Burnham filed tax protestor type documents in lieu of valid income tax returns for 1970 and 1971. Mrs. Burnham filed valid returns for 1970 and 1971, claiming to be married filing separately. For 1974, 1975, 1976, and 1977, the petitioners filed individual Federal income tax returns, claiming to be married filing separately. Some of the returns were filed with the Internal Revenue Service, Ogden, Utah, and some were filed with the Internal Revenue Service, Fresno, Calif.
The petitioners filed tax protestor type petitions in each of the cased consolidated herewith. Since 1978, they have filed numerous motions based on tax protestor arguments. All such motions have been denied. The Clerk of the Court, by certified mail, sent notice to the petitioners that their case was calendared for the Trial Session in Los Angeles, Calif., beginning on January 10, 1983. Such notice was returned to the Clerk marked "Refused * * *." Thereafter, the Clerk sent a second notice to the petitioners by regular mail. The petitioners failed to appear when their case was called at the call *327 of the calendar in Los Angeles, Calif.
The Commissioner filed two requests for admissions pursuant to Rule 90 in this case. His first request contained, in substance, the following requests for admission: During 1970, 1971, 1974, 1975, and 1976, both petitioners were engaged in business as chiropractors, practicing together in La Puente, Calif. During such years, they derived taxable income from such business. For 1970, 1971, 1974, 1975, and 1976, they failed to maintain or to submit for examination by the Commissioner, complete and adequate books of account and records of their income-producing activities. Although requested to do so, the petitioners failed and refused to make any records, which they might have maintained, available to the agents of the Commissioner during the audit of the petitioners' tax returns. The first requested admissions included the facts that for 1970, 1971, 1974, 1975, and 1976, the petitioners' unreported gross receipts, determined on the basis of the bank deposits and cash expenditures method of reconstruction of income were as follows: Unreported Gross
Year
Receipts
Lucien B. Burnham
1970
$12,843.04
1971
18,118.16
1974
23,544.81
1975
7,436.36
1976
6,438.35
Jacqueline W. Burnham
1970
$9,728.04
1971
15,238.16
1974
23,544.81
1976
6,438.35
*328 The first requested admissions also included the statements that the petitioners fraudulently and with intent to evade taxes omitted from their income tax returns the amounts set out as unreported gross receipts. During 1970, 1971, 1974, 1975, and 1976, the petitioners did not receive any gifts, inheritances, legacies, or devises, nor did they receive any nontaxable income, receipts, cash, or other assets other than those set out in the Commissioner's redetermination of the petitioners' taxable income. The petitioners' failure to maintain complete and accurate records of their income-producing activities for the years 1970, 1971, 1974, 1975, and 1976, and their failure and refusal to produce records or other information as to such income for the Commissioner in connection with the audit of their income tax returns for such years, were fraudulent with intent to evade tax. A part of the underpayment of the tax required to be shown on Mr. Burnham's income tax returns for 1970, 1971, 1974, 1975, and 1976 was due to fraud. A part of the underpayment of the tax required to be shown on Mrs. Burnham's income tax returns for 1970, 1971, 1974, and 1976 was due to fraud. The petitioners *329 have never responded to the Commissioner's first request for admissions. The Commissioner's second request for admissions contained, in substance, the following requests: During 1977, both petitioners were engaged in business as chiropractors, practicing together in La Puente, Calif., and they derived taxable income from such business. On their returns for 1977, the petitioners each claimed $6,158.96 in excess itemized deductions. Although requested to do so, the petitioners failed and refused to make any records, which they might have maintained, available to the agents of the Commissioner during the examination of their 1977 returns. In the statutory notices of deficiency issued to the petitioners, the Commissioner disallowed their claimed excess itemized deductions on the ground that it had not been established that the amounts claimed were expended, or if expended, that the excess itemized deductions represented allowable deductions. A part of the underpayment of tax for 1977 is due to negligence or intentional disregard of the rules and regulations on the part of the petitioners. The petitioners have never responded to the Commissioner's second request for admissions. *330 The first issue for decision is whether, pursuant to Rule 123(b), the petitioners have failed to properly prosecute their case, thus justifying dismissal of their case and entry of decision against them with respect to the deficiencies and the additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations and under section 6654 for failure to pay estimated income tax. The petitioners have the burden of disproving the Commissioner's determination as to the deficiencies. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). They also have the burden of disproving the Commissioner's determination as to the additions to tax under sections 6653(a) and 6654. Rule 142(a); Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Hartley v. Commissioner,23 T.C. 353, 360 (1954). Other than filing their petitions and numerous tax protestor documents which seek to challenge the jurisdiction of this Court, all of which have been denied, the petitioners have done nothing to prosecute their case. When the petitioners filed their petitions, they requested this Court to redetermine the deficiencies and additions *331 to tax determined by the Commissioner. Having made such request of the Court, they incurred an obligation to comply with the Rules and orders of the Court and to prepare their case for trial in due course. Moran v. Commissioner,45 T.C. 528, 529 (1966). The petitioners' jurisdictional arguments are groundless and frivolous. See Dorl v. Commissioner,57 T.C. 720, 721-722 (1972), affd. per curiam 507 F.2d 406 (2d Cir. 1974); Main-Hammond Land Trust v. Commissioner,17 T.C. 942, 956 (1951), affd. on another issue 200 F.2d 308 (6th Cir. 1952). Accordingly, we hold, based on the entire record before us, that the petitioners have failed to properly prosecute their case, and we therefore will dismiss their case and enter decisions against them with respect to the deficiencies and the additions to tax under sections 6653(a) and 6654. See Freedson v. Commissioner,565 F.2d 954, 955 (5th Cir. 1978), affg. 67 T.C. 931 (1977); Gilday v. Commissioner,62 T.C. 260, 261 (1974); Strachan v. Commissioner,48 T.C. 335, 338 (1967). The second issue for decision *332 is whether, based on the record, the petitioners are liable under section 6653(b) for the additions to tax for fraud. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b); Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner will carry his burden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved *333 upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, the Commissioner must show fraud resulting in underpayment for each taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra. *334 In the present case, the Commissioner's two requests for admissions were unanswered by the petitioners and thus are deemed admitted pursuant to Rule 90(c). We have previously held that the Commissioner may carry his burden of proof with respect to fraud by means of evidence deemed admitted. Doncaster v. Commissioner,77 T.C. 334, 337 (1981); Marcus v. Commissioner,70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,supra.[4] The evidence deemed admitted more than satisfies the Commissioner's burden of proof. Accordingly, we hold that the Commissioner has shown by clear and convincing evidence that the petitioners are liable for the additions to tax for fraud under section 6653(b). Decisions will be entered for the respondent.
Footnotes
1. Cases of the following petitioners have been consolidated herewith: Jacqueline W. Burnham, docket No. 8020-78; Lucien B. Burnham, docket No. 9551-79; Lucien Burnham and Jacqueline W. Burnham, docket No. 11704-80; Lucien Burnham and Jacqueline W. Burnham, docket No. 13728-81.↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue. ↩
3. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
4. See Ammen v. Commissioner,T.C. Memo. 1982-476; Pimbley v. Commissioner,T.C. Memo. 1982-103; Amato v. Commissioner,T.C. Memo. 1977-305; Reynolds v. Commissioner,T.C. Memo. 1977-181↩.