802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard P. RAMAZETTI, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 85-1213.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 1
 Before MERRITT and GUY, Circuit Judges; and BALLANTINE, District Judge*.
 
 ORDER
 
 2
 This matter is before the Court upon consideration of petitioner's appeal from the United States Tax Court's order dismissing his petition for redetermination of tax assessments for the taxable years of 1980 and 1981. The matter has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the parties' briefs and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Petitioner was assessed tax penalties by respondent for the taxable years 1980 and 1981 because his tax returns had been untimely filed and his tax liability was underpaid. He filed a petition for redetermination in the Tax Court on May 14, 1984, ninety-six days subsequent to the penalty assessments, arguing that his wages did not constitute income. Respondent moved to dismiss for lack of . jurisdiction alleging the petition had been untimely filed. At the hearing, on October 15, 1985, petitioner produced evidence that the petition would have been timely received by the Tax Court, but for the United States Postal Service's error of assessing improper postage. Respondent, as aqreed, withd-ew the motion to dismiss for lack of jurisdiction. Then respondenmoved to dismiss the matter for failure to state a claim upon which relief can be granted. Petitioner then moved for a default judgment claiming that respondent's motion was untimely made and an answer to the petition had not been filed. The Tax Court overruled petitioner's motion, and granted respondent's motion dismissing the action for failure to state a claim upon which relief can be granted, holding that petitioner's contention that his wages were not income was frivolous. Petitioner timely i filed a notice of appeal to this Court, challenging the Tax Court's decision solely on procedural grounds. He claims that the Court abused its discretion by failing to grant his motion for a default judgment.
 
 
 4
 Upon consideration this Court finds that the Tax Court was correct in denying petitioner's motion for a default judgment and that the merits of this action are frivolous. Respondent was not required to file an answer to the petition until after service of the Tax Court's order disposing of the motion to dismiss for lack of jurisdiction. Rule 25(c), Rules of the United States Tax Court. The Court's order was not served until December 10, 1984, at which time the action had been dismissed. Moreover, granting of respondent's motion to dismiss for failure to state a claim upon which relief can be granted was not an abuse of discretion. Rule 25(c), Rules of the United States Tax Court; see Board of Tax States ex rel. Shults Bread Co., 37 F.2d 442 (D.C. Cir. 1929), cert. denied, 281 U.S. 731 (1930).
 
 
 5
 The merits of petitioner's appeal are patently frivolous. it is well settled that wages constitutes taxable income. Brushaber v. Union Pacific Railroad, 240 U.S. 1 (1916); Perkins v. Commissioner, 746 F.2d 1187 (6th Cir. 1984). This Court is convinced that petitioner was aware of the frivolous nature of this matter prior to the filing of his appeal, and therefore, imposes a sanction of double costs pursuant to Rule 38, Federal Rules of Appellate Procedure. Perkins, supra.
 
 
 6
 It is therefore ORDERED that the Tax Court's order be and hereby is affirmed, and double costs be and hereby are imposed ; against petitioner pursuant to Rule 38, Federal Rules of Appellate Procedure. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, U.S. District Judge for the Western District of Kentucky, sitting by designation