DONALD G. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 5448-76.
United States Tax Court
T.C. Memo 1989-171; 1989 Tax Ct. Memo LEXIS 173; 57 T.C.M. (CCH) 131; T.C.M. (RIA) 89171; April 17, 1989. Donald G. Smith, pro se. James C. Fee, Jr., for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: This case is before us on petitioner's motion to set aside default pursuant to Rule 123(c). [1] On December 12, 1988, we filed our Opinion in the instant case (91 T.C. 1049 (1988)) granting respondent's motion to hold petitioner in default and enter a decision against him pursuant to Rule 123(a). On December 21, 1988, we entered our decision against petitioner for the deficiencies in and additions to tax. Before our decision became final (see section 7481(a)(1)), petitioner timely filed *174 his motion on January 13, 1989.
The procedural history of the instant case is set forth in our Opinion issued December 12, 1988. Petitioner's motion states that he was released on parole in 1984 and that he reports the first Monday of every month to the U.S. Parole Office in Akron, Ohio. It also states that petitioner resided at 496 Brittain Road, Akron, Ohio, in 1984 and 1985. Further, his motion states that petitioner currently resides at 1539 Front Street, Cuyahoga Falls, Ohio, and has resided there since 1986. Petitioner states that he first became aware of our Opinion granting respondent's motion to hold petitioner in default and enter a decision against him when he read "an article on the front page of the 'Wall Street Journal' dated January 4, 1989." The thrust of petitioner's motion is that respondent "knew or could have known" of petitioner's correct address, that petitioner did not receive notice that the instant case was scheduled for trial, *175 and that had petitioner received notice he would have been present for trial. Petitioner makes no allegation that he made any attempt to notify the Court or respondent's District Counsel of his change of address to Cuyahoga Falls, Ohio. Moreover, petitioner does not set forth information controverting the substantive issues concerning the deficiencies and the additions to tax, except for his statement that: 3) Petitioner beleives [sic] that he kept the required record in this case to support his income and expenses for the years 1972/1973 and that there are also public records available to support Petitioners returns of 1972/1973. Further Petitioners net worth for the years 1972/1973 are approximately 1/3 (one-third) of what Respondents [sic] have arrived at. Also Petitioner was not charged with any criminal wrongdoings for the years 1972/1973 nor wAS [sic] Petitioner charged with any narcotic violations. Rule 123(c) states that a default may be set aside "For reasons deemed sufficient by the Court and upon motion expeditiously made." Rule 123(c) is patterned after rule 55(c), Federal Rules of Civil Procedure ("F.R.C.P."). Brooks v. Commissioner,82 T.C. 413, 426 (1984), *176 affd. without published opinion 772 F.2d 910 (9th Cir. 1985). See note to Rule 123(c), 60 T.C. 1130. Rule 55(c), F.R.C.P., provides: "For good cause shown the court may set aside an entry of default * * *." Even though petitioner actually was detained in a Federal correctional institute in Pennsylvania when he filed his petition in the instant case, his legal residence for purposes of appeal venue under section 7482(b) remained in Ohio -- the state where he lived prior to incarceration and after being paroled and the state in which he still owned property. See Berkery v. Commissioner,90 T.C. 259, 262-263 (1988), supplemental opinion 91 T.C. 179 (1988), affd.    F.2d    (3d Cir. 1989); Brewin v. Commissioner,72 T.C. 1055, 1059 (1979), revd. on other grounds 639 F.2d 805 (D.C. Cir. 1981); sec. 7482(b). We therefore are bound to follow the standards used by the Sixth Circuit in rendering decisions on motions to set aside defaults. Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 785 (10th Cir. 1971). The factors *177 the Sixth Circuit considers are (1) whether the nondefaulting party will be prejudiced; (2) whether the defaulting party has a meritorious defense; and (3) whether culpable conduct of the defaulting party led to the default. Union Coin Meter v. Seaboard Coastline Railroad,705 F.2d 839, 845 (6th Cir. 1983) (quoting from and adopting the standards of Feliciano v. Reliant Tooling Co.,691 F.2d 653, 656 (3d Cir. 1982)). In Shepard Claims Service, Inc. v. William Darrah & Associates,796 F.2d 190, 194-195 (6th Cir. 1986), the Sixth Circuit further elaborated on its standards for setting aside defaults: We agree with the summary of court holdings in 6 Moore's Federal Practice 55.10[2] at 55-61, 62 (1985 ed.): Where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined toward leniency * * *. Clearly, however, the court may refuse to set aside a default, where the defaulting party has no meritorious defense, where the default is due to willfulness *178 or bad faith, or where the defendant offers no excuse at all for the default. (Footnotes omitted). We do not believe it appropriate to attempt a precise definition of "culpable conduct." Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings. In the instant case, there is no indication in the record that petitioner has acted wilfully or in bad faith with respect to his default. Petitioner has not, however, exhibited that he has a meritorious defense. The only allegation by petitioner in that regard is that his net worth is approximately one-third of the amount asserted by respondent. Petitioner offers no explanation or reason for the asserted difference between his net worth computation and respondent's. Moreover, petitioner offers no suggestion that he has any evidence to support his computation. Indeed, petitioner's assertion regarding his net worth is, in effect, little more than merely a general denial of the net worth *179 computed by respondent. In INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.,815 F.2d 391, 399 (6th Cir. 1987), the Sixth Circuit stated, a defense is sufficient if it contains "'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." [Keegel v. Key West & Caribbean Trading Co.,627 F.2d 372, 374 (D.C. Cir. 1980).] The key consideration is "to determine whether there is some possibility that the outcome of the suit after full trial will be contrary to the result achieved by the default." 10 C. Wright, A. Miller, M. Kane, [Federal Practice and Procedure,] sec. 2697 at 531 [(1983)]. We believe that petitioner is required to make a greater showing than he has made heretofore in order for us to determine that the outcome after a full trial would be contrary to the result achieved by his default. Based upon the standard recited in INVST Financial Group, Inc., we cannot find that petitioner has a meritorious defense. Moreover, we find that petitioner's conduct is culpable or, at the very least, he has not advanced a "credible explanation for the delay that does not exhibit disregard for the *180 judicial proceedings." Shepard Claims Service, Inc. v. William Darrah & Associates,796 F.2d at 195. As excuses for his failure to appear, petitioner asserts that respondent knew or could have known petitioner's correct address and that petitioner did not receive notice of the setting of his case for trial. Petitioner's implication that respondent's District Counsel has a duty to track him down and assure that he is notified of the setting of his case for trial is without foundation in rule or law. See Basic Bible Church of America v. Commissioner,86 T.C. 110, 114-115 (1986). As for petitioner's failure to receive notice, it is his responsibility to notify the Court of a change in his address. Rule 21(b)(4). Petitioner selected this forum to review his tax liability and is bound by its Rules. Moran v. Commissioner,45 T.C. 528, 529 (1966). [2] Petitioner's failure for such a long period, over seven years, to keep the Court advised of his address clearly is a violation of its Rules and exhibits a reckless disregard for the petition he filed in the instant case and for the judicial proceedings he instituted by filing *181 his petition. See Shepard Claims Service, Inc. v. William Darrah & Associates,796 F.2d at 194. In exercising our discretion and deciding whether to set aside the default in the instant case, we have considered the prejudice to respondent, to the Court, and to other taxpayers, as we explained in Brooks v. Commissioner,82 T.C. at 429. The burdens of reviving litigation that we discussed in Brooks (82 T.C. at 429-430) are no less relevant in the instant case and weigh heavily against petitioner. For the foregoing reasons, petitioner's motion to set aside the default in the instant case will be denied. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Bennett v. Commissioner,T.C. Memo. 1984-348↩.